MILLER ET AL. VS. CARNALL.

Those only are entitled to petition to vacate a sale made under a decree for the foreclosure of a mortgage, who are either interested in the proceeds, or are junior incumbrancers who seek upon good grounds a re-sale for their advantage without prejudice to prior rights, or who wished to buy the property and were prevented by the illegal or fraudulent management of the sale or fraud of the purchaser and who would before the sale advance upon the price at which the property was sold.

*Appeal from Sebastian Circuit Court in Chancery.*

Hon. FELIX I. BATSON Circuit Judge.

DUVAL & KING, GARLAND & RANDOLPH, for the appellants.

It is clear that the court below erred in refusing to set aside the sale upon the ground of fraud in the conduct of the appellee. If a bidder at a sheriff's sale of real estate prevent others from bidding by representations respecting the object of his bid, and then buy the property at the sale at a price much below its value, the sale is void as against public policy, and as a fraud upon the judgment debtor and his creditors. 7 *Blackf.* 265; 3 *John. Cas.* 29; 6 *John. R.* 194; 8 *John.* 444; *Penn's ad. vs. Tollcson*, 20 *Ark.* 652.

S. H. HEMPSTEAD, for the appellee.

This was a petition by the appellants filed in the court below to set aside a sale made under a decree of foreclosure of a mortgage executed by Norton to Fleming, and assigned intermediately to the appellee. At the mortgage sale in 1857, the appellee became the purchaser of the mortgaged premises. On the 26th of August, 1857, the commissioner made report of the proceedings of sale, which was duly confirmed by the court;

and on the 28th of August the petition of appellants, who were not parties to the proceeding, was filed. Their interest, as disclosed by the petition is: that they were wards of Norton, the mortgagor: that Norton was insolvent: that he had executed a subsequent mortgage upon the same premises to the securities on his guardian's bond: that the securities were parties to the bill for foreclosure of the original mortgage to Fleming, and that some of them were insolvent.

This statement makes it apparent that they, the appellants here, are mere volunteers—not parties to the proceeding, and have no interest in the proceeds of sale, and consequently no right to impeach its validity, no matter what its character was.

If they have any right to relief it was matter for original bill and not by way of petition. 8 *Eng.* 299; 3 *How. Miss. Rep.* 62; 8 *Sm. & M.* 456; 1 *Gilman* 435.

A bidding will not be re-opened upon ground of inadequacy of price, unless the party so alleging will make an advance upon such price. 3 *Daniel* 1465, 1466.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

We do not think that the *State Bank vs. Noland,* 13 *Ark.* 299, is any authority against the petition offered by the appellants in the court below. For in that case, the petition was made in a court of law, and not at the same term in which the property sold was conveyed, but many terms thereafter, when other persons than the purchaser at the execution sale, had become interested in the property which the petition claimed—while here, the petition was presented at the same term of the court, at which the commissioner, who made the sale, reported it to the court of chancery, that is readier to hear, and to act upon irregularities connected with sales made under its authority, than courts of law are to quash, or to interfere with sales made under execution.

We see no objection to the court in this case entertaining the petition, if the petitioners had shown such an interest in the subject matter of the suit as to entitle them to be heard against

the confirmation of the sale. What that interest should be we need not decide, nor whether it would be necessary for the petitioners to have been parties to the suit, before they could be listened to as interveners in the case. But we are clearly of the opinion that the petition does not disclose any right or interest which the petitioners have in the property, of the sacrifice and fraudulent sale of which they complain.

That the lots sold were mortgaged by Norton, that he was the guardian of the petitioners, that he had mortgaged the lots to his securities in the guardianship, that some of the securities were insolvent, cannot afford any reason for allowing the petitioners to have the sale set aside. That could only be done upon the application of persons interested in the proceeds of the sale, or of junior incumbrancers, who could show the court that the sale ought to be set aside, and that another sale would result to their advantage, without prejudice to prior rights, or of some one who wished to buy the property, and was prevented from so doing by the illegal and fraudulent management of the sale, or fraud of the purchaser, and who would before the sale, advance upon the price at which the property was sold. But it is not explained, nor can we anticipate, how a re-sale of the property could be beneficial to the petitioners. For they would not be entitled to the proceeds that should exceed the payment of the mortgage owned by Carnall: and whether they would inevitably be paid over to Norton, or could be retained in court for indemnity of the securities of the guardian, we do not perceive that the rights of the petitioners could be secured, further than the additional means of indemnity conjoined with the prudence and probity of the securities would better their condition. The interests of the petitioners are too remote to permit them to interfere with the disposition of the lots upon such a summary proceeding as their petition exhibits.

We have examined the cases which the brief of the appellants cites, but we do not find that any conclusion different from our own is deducible from them. If the petitioners could aver that the securities are all insolvent, that they have a fixed

demand against them as securities, adjudged by the proper authority, after the liability and default of their guardian are legally apparent, that Carnall ought not to have the property, if more than an indemnity for his mortgage debt, these alone, or with other circumstances, would be better grounds for complaining in a bill, and by regular course of proceeding against the sale, than by petition or remonstrance against a sale made in a case, in which they were not parties. But upon this we wish to make no suggestion except to volunteer an opinion that the petitioners are without remedy by bill.

It is much to be regreted if the petitioners can have no remedy against such misfortunes as they allege in their petition; but even for infants and orphans, and against squandering guardians and securities we cannot afford relief, but out of property upon which an equitable claim can be fastened, and in the modes prescribed by law.

We cannot disturb the order of the court below refusing to grant the prayer of the petition.