WILLIAM L. COHEN

v.

PETER E. MENARD et al.

*Filed at Mt. Vernon April 22, 1890.*

1. REDEMPTION—*from sale on execution—when enjoined.* A proceeding under a special execution issued upon a judgment of the county court against an estate, to redeem from a sale of land on a judgment against the testator, will be enjoined, at the suit of parties interested in the land, when the sale sought to be redeemed from is void, or is set aside, in equity, for irregularity.

2. JUDICIAL SALE—*of several tracts en masse.* Under our statute (Rev. Stat. chap. 77, sec. 12,) it is the duty of the sheriff, when several tracts are levied on, to offer each subdivision of the lands separately, and if no bid be made for the tracts when so offered, to add two of them together and offer them, and so on until all the tracts shall have been thus offered, and if no bid be made he may offer and sell the tracts *en masse,* for a reasonable price, or adjourn the sale for want of bidders.

3. Where three distinct tracts of land were levied upon under execution, and sold together at an inadequate price, the sheriff's return showed that he offered each tract separately, and receiving no bids he offered them all together. It appeared that the two adjoining tracts were worth three times as much as was due on the execution: *Held,* that the sale was properly set aside, on bill in chancery, for the irregularity in not offering the tracts by twos, and for the gross inadequacy of price, upon the condition of the payment to the purchaser of a sum sufficient to redeem from the sale.

4. SAME—*officer's return on sale en masse.* Where a levy is made upon several distinct tracts of land, it is the duty of the officer selling *en masse* to make a full return, upon the execution, of all the facts, showing his right to sell *en masse.* His return may overcome the presumption that he did his duty by offering each tract separately, and then by offering two tracts together before offering all the tracts *en masse.*

5. PARTY—*complainant—to set aside judicial sale.* After the death of a testator, his executors, the sole legatee under his will, and a creditor of the estate, filed their bill against a purchaser of lands of the testator on execution sale, to set the sale aside for irregularities and gross inadequacy of price: *Held,* that each of the complainants had such an interest in the subject matter as to entitle him to maintain the bill.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. W. H. SNYDER, Judge, presiding.

Messrs. GORDON & SPRIGG, for the appellant.

Mr. H. C. HORNER, for the appellees.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed in the circuit court of Randolph county, by the executors, the legatee and a creditor of the estate of Edmund Menard, against appellant, William L. Cohen, for injunction, and to set aside a sale on execution of the lands of the decedent.

Edmund Menard died testate in August, 1884, seized of the real estate in question. It appears from the bill that on the 7th of March, 1883, one Brickey recovered a judgment against Menard and others for $544, which was subsequently assigned to appellant. On the 31st of January, 1887, execution was issued on said judgment, which was levied on said lands of the estate of said Menard, and duly advertised, and afterwards, on February 24, 1887, sold by the sheriff, under said execution and levy, to said Cohen, for the sum of $742.67, and a certificate of purchase duly issued for the same. It is alleged and shown that three several tracts of land, or separate surveys, were levied upon and sold, one lying east of what was formerly the Okaw (now part of the Mississippi) river, and known as the Ft. Gage tract, containing one hundred and twenty acres, and the other tracts or surveys, one of which contains ninety and the other ninety-one acres, adjoining and lying west of said river, and a mile or more from the first mentioned tract. The sheriff's certificate of sale under said execution is in the usual form, and, among other things, states: "Having offered said land for sale in separate tracts, as above described," (having previously described the same, by survey, as three separate tracts,) "and receiving no bids therefor, and W. L. Cohen hav-

ing bid the sum of $742.67 for all of the above described lands together, and he being the highest bidder, he became the purchaser," etc. The bill alleges, that it was the duty of the sheriff, after having offered the tracts separately, to offer them together by twos, and if there were no bidders, to have adjourned the sale. It also alleges that no one was present but the sheriff and said Cohen, and that the lands were sold *en masse* for a grossly inadequate price, and averring the value of the lands to be over $5000.

On the 21st day of October, 1884, appellant presented to the county court, and had allowed as seventh class claims against the estate of said Menard, two notes, upon one of which an allowance was made of $685.77, and upon the other of $528.89, making an aggregate of $1214.66. On February 5, 1888, an execution was issued for the gross amount of such allowances, and placed in the hands of the sheriff, together with the sum of $812.08 in cash, for the purpose of redeeming from such former sale to said Cohen. The sheriff accepted the money, and levied the execution upon the same lands, and advertised the same for sale under said last mentioned execution, and thereupon this bill was filed, seeking to enjoin said redemption and sale and to set aside the former sale. The court decreed, that upon payment to Cohen of the amount of his bid at said sale under the execution issued upon the Brickey judgment, with eight per cent interest thereon, within a short day, said sale be set aside, and Cohen perpetually enjoined from proceeding under the execution issued upon his allowances in the county court. Upon appeal to the Appellate Court, this decree was affirmed, and Cohen prosecutes this further appeal.

Most of the material allegations of the bill are admitted by the answer. The material points denied are, that the sale under the execution issued upon the Brickey judgment was for a grossly inadequate price, that the lands were of the value set up in the bill, or that said sale was irregular or contrary to law.

We are of opinion that the evidence supports the allegations of the bill in respect of the value of the land, and that the sale was made by first offering the tracts separately, and there being no bids therefor, the same were offered and sold *en masse.*

The execution issued upon the allowances in the county court, in favor of Cohen and against the estate of Menard, was necessarily a special execution, issued in pursuance of section 27, chapter 77, of the Revised Statutes, authorizing the issuance of executions upon such claims allowed for the purposes of redemption, and it is manifest, that if the former sale from which redemption was sought under said special execution was void, or is set aside in equity, proceedings under such special execution were properly restrained. In the view we take of the case it will be unnecessary to determine the questions raised as to the validity of the later execution, or of the right of appellant to redeem from a sale made to himself under the prior execution.

The statutory provision respecting the sale of realty upon execution is, that if the same is susceptible of division, it shall be sold in separate tracts or lots, and only so much shall be sold as is necessary to satisfy the execution and costs. (Rev. Stat. chap. 77, sec. 12.) It is the established construction of this statute, that where several adjoining tracts of land are levied upon, it is the duty of the sheriff to offer each subdivision of the lands separately, and if no bid be made upon the tracts when so offered, to add two of them together, and offer them, and so on, until all the tracts have been thus offered; and if no bid be made, he may then offer and sell the tracts *en masse,* for a reasonable price. *Day* v. *Graham,* 1 Gilm. 435; *Ross* v. *Weed,* 5 id. 171; *Stewart* v. *Gay,* id. 442; *Cowen* v. *Underwood,* 16 Ill. 24; *Phelps* v. *Conover,* 25 id. 309; *Morris* v. *Robey,* 73 id. 422; *Douthett* v. *Kettle,* 104 id. 356.) And the rule applies with even greater force where the tracts are separated, if, indeed, tracts having no necessary connection with each other may be properly thus sold. Cases may occur,

as held in *Cowen* v. *Underwood* and *Phelps* v. *Conover, supra,* where it might be to the interest of the debtor, or, at least, work no injury or prejudice to him, to thus sell; but, as there said, ordinarily the proper course would be to adjourn the sale. Of the tracts here levied upon, two of them adjoined, while the third was separated by the river from the other two, and was distant a mile or more. The presumption of law is that the officer did his duty in respect of this sale. But this presumption is overcome by his return. It is the duty of the officer, as said in the case last cited, if he sell *en masse,* to make full return of all the facts. From the return thus made, in this case, it appears that the officers did not offer even the adjoining tracts together before offering the whole together. The return is unequivocal that he offered the tracts separately, and, receiving no bids, he then offered all together. The debtor had the right, under the statute, to have no more of his property sold than was necessary to satisfy the debt and costs. The adjoining tracts were shown to have been worth substantially three times as much as could have been demanded upon the execution, and, presumably, would have sold, if offered, for enough to have satisfied the same. This bill is filed by the executors, and by the sole legatee under the will, and by a creditor of the estate, each of whom has such an interest in the subject matter of the litigation as to enable him to maintain this bill. It is shown that the estate is probably insolvent, and the creditor complainant entitled to share in the proceeds of the sale of this property, if it shall be restored to the estate. See *Merwin* v. *Smith,* 1 H. W. Green, (N. J. Eq.) 193; 22 Ark. 274.

Without pursuing that question further, it is clear, we think, that while the certificate of purchase remained the property of Cohen, who was the purchaser at the sale upon the execution issued on the Brickey judgment, the sale was clearly voidable. And when it appears, as it does in this case, that the land was sold at a grossly inadequate price, a court of equity will not

hesitate to set the sale aside. If the irregularity was insufficient, of itself, to set the sale aside, a court of chancery, seeing that thereby an unconscionable advantage had been obtained through and by reason of the failure of the officer to perform his duty, would seize upon the gross inadequacy of price as a ground of equitable interposition. *Davis et al.* v. *Chicago Dock Co.* 129 Ill. 180.

By the decree the complainants are required, as a condition to the relief granted, to pay appellant the amount of his bid, with eight per cent interest from the day of the sale. This is all that in equity and in good conscience he has a right to demand, and he should be content to pro rate, in respect of his allowances in the county court, with the other creditors of the estate, in the funds derived from the sale of these lands.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*