[Sac. No. 1026. Department One.—March 18, 1904.]

## J. T. SUMMERVILLE, Appellant, v. SILAS MARCH, J. D. STEVINSON, HUMBOLDT SAVINGS AND LOAN SOCIETY et al., Respondents, and R. J. GRAF, and C. D. BENJAMIN, Appellants.

MORTGAGE—DECREE FOR SALE IN MASS—PURCHASE BY VENDEE OF MORT-
GAGORS OF UNCONVEYED PART—SETTING ASIDE SALE—COMPLAIN-
ANTS NOT DAMAGED.—Where a mortgage gave an option for a sale
in mass or in separate parcels, and the decree of foreclosure ordered
a sale in one tract, but a subsequent vendee of part of the land
mortgaged, by consent of the mortgagee and part of the mortgagors
present, became the purchaser of the part unconveyed for a fair
and reasonable price, and at its full value, and for more than
enough to satisfy the decree, the sale will not be set aside at suit
of execution purchasers under judgments against the mortgagors
who purchased after the deed to the vendee and before the fore-
closure sale merely because of departure from the terms of the
decree, by which they were not in fact damaged.

ID.—RIGHTS OF VENDEE.—Under section 2899 of the Civil Code, where a
mortgagor has sold a portion of the mortgaged land, the mortgage
must be enforced first against the unsold portion of the mortgaged
premises before resort can be had to the portion sold. The vendee
does not lose his right to protection by not asserting it in the
foreclosure suit; and the only effect of his failure to do so is, that
the right of protection is transferred to any surplus that may arise
upon the sale of his land upon the foreclosure decree, which he
may assert as against execution purchasers from the mortgagor, who
took subject to his conveyance.

ID.—INADEQUACY OF PRICE—POSSIBLE SALE FOR MORE THAN ACTUAL
VALUE.—Inadequacy of price is not a sufficient ground for setting
aside a foreclosure sale; and where the court finds that the property
sold was not worth at the time more than the amount bid therefor,
the sale, though irregular, will not be set aside upon the sole
ground that possibly if the property had been sold in a different
manner, it might, by some fortuitous circumstance, have brought
more than its actual value.

ID.—BURDEN OF PROOF—INJURY FROM IRREGULAR SALE.—If there was
anything that would make the premises as a whole more valuable
than when separated into two parcels, it was incumbent on the ap-
pellants to allege and prove it. An irregular sale will not be
set aside, unless it is shown, either from the nature of the irregu-
larity itself or from extrinsic facts, that injury was caused thereby.

ID.—RIGHTS OF EXECUTION PURCHASERS EXTINGUISHED.—The sale under
foreclosure being valid, it is immaterial what rights the execution

purchasers who seek to set it aside may have acquired from the mortgagors. Those rights were all subject to the decree of foreclosure, and to the rights of the vendee of the mortgagor who became the purchaser, and were extinguished by the sale and deed executed thereunder.

ACTION TO QUIET TITLE — DISCLAIMER — CROSS-COMPLAINT — COSTS.— A party defendant disclaiming in an action to quiet title is only entitled to recover the costs of his disclaimer as against the plaintiff, but where, notwithstanding his disclaimer, he is made a party defendant to a cross-complaint, he is entitled to recover his costs upon judgment against the cross-complainants. A joint judgment for all costs in favor of such defendants and another defendant entitled to recover all costs against both the plaintiff and cross-complainants will not be reversed or modified upon appeal.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

C. H. Fairall, for J. T. Summerville, Appellant.

Joshua B. Webster, for R. J. Graf, Appellant.

J. F. Ramage, for C. D. Benjamin, Appellant.

Nicoll, Orr & Nutter, for J. D. Stevinson et al., Respondents.

Alexander D. Keyes, for Humboldt Savings and Loan Society, Respondent.

Jacobs & Flack, for Silas March et al., Respondents.

SHAW, J.—The plaintiff and the defendants Graf and Benjamin respectively and separately appeal from the judgment in favor of defendants Stevinson and Humboldt Savings and Loan Society, the appeal being based upon the judgment-roll alone. The complaint is in the ordinary form of an action to determine and quiet title to certain lands embracing about five hundred acres. The defendant Stevinson answered, claiming title in himself and asking a decree accordingly. The defendants Benjamin and Graf each separately filed a cross-complaint setting up certain interests in the land, and asking that their respective titles thereto be quieted. Numerous ques-

tions are discussed in the briefs, but in view of the conclusion we have reached upon the principal question, which is determinative of the case, we do not deem it necessary to discuss the others.

The court below gave judgment that defendant Stevinson was the owner of the land in fee simple, and that he and the defendant Humboldt Savings and Loan Society recover their costs of the appellants herein. Stevinson's claim is based on a sheriff's sale made on a decree of foreclosure in an action brought by the Humboldt Savings and Loan Society against Elizabeth Ann March and others in the superior court of San Joaquin County. That action was begun on October 7, 1893, against the mortgagors alone, and a notice of the pendency of the action was filed in the recorder's office of said county on the same day. On the 11th of October, 1893, the mortgagors, who were then the owners of the land, subject to the foreclosure proceeding, executed a deed conveying to one George B. Sperry, a defendant herein, a certain parcel of the mortgaged land containing about one hundred acres. This deed was recorded on October 12, 1893, and Sperry immediately took possession of the land so conveyed to him, and continued to occupy and possess the same until the time of the foreclosure sale. The appellants each claim rights in the land based on execution sales upon judgments rendered against one or more of the mortgagors subsequently to the execution of the deed to Sperry and prior to the foreclosure sale. The plaintiff in his complaint does not mention this foreclosure sale. The cross-complaints of the defendants Graf and Benjamin are bills in equity, seeking to set aside the sale upon the sole ground that the same was not conducted in the manner directed in the decree of foreclosure. The mortgage upon which the decree was based provided that, in the event of foreclosure, the premises, at the option of the mortgagee, might be sold in several parcels, or as a whole in one parcel. The decree of foreclosure, which was entered upon December 13, 1894, directed that the premises be sold "in one parcel as a whole and as one farm." The sale did not take place until November 27, 1899. The plaintiff in the foreclosure suit and several of the mortgagors, and also said Sperry, were present at the sale. Sperry and the mortgagors present requested the sheriff to offer the land in separate

parcels, first offering the portion of the property not conveyed
to Sperry by the deed above mentioned. The plaintiff consent-
ed to this, and thereupon, in pursuance of this agreement,
the sheriff first offered the property remaining to the mort-
gagors after the conveyance to Sperry, whereupon Sperry bid
therefor the sum of $16,722, which was $80.50 in excess of
the amount necessary to pay the mortgage debt, interest, and
costs. The court finds that the sum bid by Sperry was a fair
and reasonable price for the premises sold to him, and that
the premises so sold to him were not then of any greater value
than the sum bid. Thereafter the sheriff's deed was made
in pursuance of the sale to Sperry, and the defendant Stevin-
son has since acquired all the interest of Sperry under the
foreclosure sale, and also his title to the one hundred acres
previously purchased by him from the mortgagors. It is not
claimed by the appellants that there was any fraudulent or
unfair practices in connection with the foreclosure sale. The
sole objection to the validity of the sale is, that the sheriff
disobeyed the directions contained in the decree that the
premises be sold as a whole and as one farm. It is contended
that the appellants, having succeeded to the interests of some
of the mortgagors, had a right to have the sale made in strict
accordance with the directions in the decree, and that they
were prejudiced by the sale as made, because, if the whole
of the property had been sold, there would have been a larger
surplus to divide among those interested therein, in which
case they claim that they would have been entitled to a
larger sum of money than they will receive under the sale
as made.

This contention is based chiefly on the theory that they
would have been entitled to some portion of the proceeds of
the land sold to Sperry in case that tract had been included
in the foreclosure sale. This, however, is a misconception of
their rights in the premises. Under section 2899 of the Civil
Code the rule is, that where a mortgagor has sold a portion
of the mortgaged land, the mortgage must be enforced first
against the unsold portion of the mortgaged premises before
resort can be had to the portion sold. Sperry, it is true, did
not appear in the foreclosure suit and ask that the decree
preserve his rights in this respect. This right of the purchaser
of a portion of the mortgaged premises is, however, not entirely

lost to him by his failure to seek or obtain the relief in the action in which the mortgage is foreclosed. The only effect of such failure is, that the right is transferred to any surplus that may arise upon the foreclosure sale. Therefore, if the entire mortgaged premises had been sold at the foreclosure sale, in the division of the surplus Sperry would have been entitled to the whole of it if the same had been necessary to make up his proportion of the purchase price. Upon the coming in of the sheriff's return of the foreclosure sale he could have appeared and had his right determined. The appellants here would have no right whatever to such portion of the surplus as Sperry's land represented in the purchase price. The sale of the whole of the premises in one parcel would therefore not increase the amount of the surplus to which they would be entitled, and they are in no respect damaged by the failure to sell Sperry's land with the other tract.

The only ground upon which they could claim that they were prejudiced would be upon the theory that, if the whole tract had been sold together, it would have brought more as a whole than it did upon the parcels being sold separately, and that the surplus to which they would have been entitled would have been somewhat increased. It is well settled that inadequacy of price alone is not a sufficient ground for setting aside a foreclosure sale. (*Central Pacific R. R. Co.* v. *Creed,* 70 Cal. 501; *Smith* v. *Randall,* 6 Cal. 47;[1] *Connick* v. *Hill,* 127 Cal. 165; *Humboldt etc. Society* v. *March,* 136 Cal. 321; *Anglo-Californian Bank* v. *Cerf, ante,* p. 303; Freeman on Executions, secs. 308, 309-315; Kleber on Void Judicial Sales, sec. 355, 356, 357.) But even this ground is taken away by the finding of the court that the property sold to Sperry by the sheriff was not worth, at the time, more than he bid therefor, and the further finding that the entire mortgaged premises were not at that time worth more than twenty-two thousand dollars. A court will not entertain proceedings to set aside a foreclosure sale, although irregular, upon the sole ground, not that the price is inadequate, but that possibly, if it had been sold in a different manner, it might by some fortuitous circumstance have brought more than its actual value. There is no claim made that there was any peculiarity in the situation

---

[1] 65 Am. Dec. 475.

of the two parcels, with respect to each other, of such char-
acter that their value, when taken together, would exceed the
sum of the values of each as a separate farm. The circum-
stances indicate the contrary, and the court finds that the
manner of selling the premises in two parcels did not cause
it to sell for less than it otherwise would have brought. If
there was anything that would make the premises as a whole
more valuable than when separated into two parcels, it was
incumbent on the appellants to allege and prove it. An irregu-
lar sale will not be set aside unless it is shown either from
the nature of the irregularity itself or from extrinsic facts
that injury was caused thereby. (*Humboldt etc. Society* v.
*March*, 136 Cal. 321.) If a sale had been made of the whole
tract, and its full value, as found by the court, realized, the
difference between the value of this tract, as found by the
court, and the value of the whole tract would have belonged to
Sperry, and not to these appellants. Sperry, having been the
first purchaser, had the first right, and, if he had allowed his
land to be sold with the other, he would have been entitled
upon a division of the surplus to the entire amount which the
court should find represented the proceeds of his part of the
property. The court did not err in refusing to set aside the
sale. The sale being valid, it is immaterial what rights the
appellants may have acquired from the mortgagors. They
were all subject to the decree of foreclosure and to the rights
of Sperry, and were extinguished by the foreclosure sale and
the deed subsequently executed thereunder.

There was no error in rendering judgment in favor of
Stevinson and Humboldt Savings and Loan Society against
the appellants for costs. Humboldt Savings and Loan So-
ciety disclaimed any interest in the premises, and filed its
disclaimer before the cross-complaints of the appealing de-
fendants were filed. So far as the plaintiff is concerned, its
disclaimer prevented the plaintiff from recovering costs against
it. Its costs against the plaintiff could not exceed the amount
necessary to enable it to file its disclaimer. Conceding this
to be error, it would be for a sum too trifling to justify this
court in modifying the judgment. As to the other appellants,
by their cross-complaints they made it necessary for the cor-
poration-defendant to continue its appearance in court, and,
whatever costs it was thus compelled to incur, it is clearly

entitled to recover against the parties who unjustly brought it into court. It will not be seriously contended that Stevinson was not entitled to his costs against all the parties.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.