(No. 12789.—Decree affirmed.)

WILLIAM M. FLEMMING, Defendant in Error, *vs.* GEORGE C. TALLERDAY, Plaintiff in Error.

*Opinion filed October 27, 1919.*

1. JUDICIAL SALES—*inadequacy of price, together with other irregularities, may justify relief against sale on execution.* Inadequacy of price, alone, where a sale on execution has been regularly conducted, may not afford ground for equitable relief, but where there are additional circumstances or irregularities in the sale, such additional circumstances, together with gross inadequacy of price, may justify relief in a court of equity.

2. SAME—*attorney for purchaser cannot testify from recollection how property was sold.* In a suit to set aside a sheriff's deed on the ground that the property was sold *en masse* for an inadequate price the sheriff's return is the best evidence of the manner of conducting the sale, and the attorney for the purchaser should not be allowed to testify from his recollection whether the property was offered in separate tracts.

3. SAME—*when land levied on by sheriff should be offered for sale in separate tracts.* Where land levied on under an execution consists of several tracts it is the duty of the sheriff to offer it for sale in separate tracts, and if one tract will not sell separately to add another tract to it, and then a third if no bid is had for the two, and so on until it is all offered *en masse.*

4. SAME—*when judgment debtor is not estopped to set up inadequacy of price and irregularity of sale.* The conduct of a judgment debtor in allowing his property to be sold on execution because he was under the impression that his interest was not subject to sale and in pretending that his brother, who was in possession, was the owner of the land levied on, will not estop him from obtaining relief in equity from a sale of the property *en masse* for a grossly inadequate price, where the creditor is paid all that is due him, including solicitor's fees in the suit to set aside the sale.

WRIT OF ERROR to the Circuit Court of Boone county; the Hon. R. K. WELSH, Judge, presiding.

W. C. DEWOLF, for plaintiff in error.

WILLIAM L. PIERCE, and JAMES M. HUFF, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error sued out to review a decree of the circuit court of Boone county granting certain relief prayed in a bill filed by defendant in error, William M. Flemming, (hereafter called complainant,) against plaintiff in error, George C. Tallerday, (hereafter called defendant.)

November 22, 1909, defendant recovered a judgment in the circuit court of Boone county against complainant for $244.72 and costs. An execution was issued on said judgment the same day it was rendered and was returned unsatisfied. November 24, 1913, an *alias* execution was issued on the judgment, and that execution was levied upon an 80-acre tract of land in which complainant owned a life estate. The property was sold March 11, 1914, by the sheriff under the execution and was purchased by defendant for $320.12, the amount due him on the judgment and execution. No redemption having been made from the sale, a deed was executed by the sheriff to the defendant July 6, 1915. On July 12, 1917, complainant filed his bill in this case against the defendant, praying, among other things, for leave to redeem from said sale, and that the sheriff's deed be canceled and set aside, and for an accounting of rents and profits. The grounds upon which the relief was prayed were, that the property was sold for a grossly inadequate price; that it was sold *en masse* without first being offered in separate parcels; that there was collusion between the sheriff and the defendant in making the sale; that defendant prevented others from bidding at the sale, and that defendant promised to re-convey to complainant after holding the title as security for his judgment until he was paid the amount due him. The answer denied that there was any fraud or irregularities in connection with the sale of the premises and denied that complainant was entitled to the relief prayed or any part thereof. After replication filed, the cause was referred to a special master in chancery to

take the testimony and report his conclusions of law and
fact.  The master reported, recommending that the bill be
dismissed for want of equity at the complainant's cost.  The
chancellor sustained exceptions to the master's report and
entered a decree finding that the property was sold by the
sheriff at a grossly inadequate price, and that it was sold
*en masse* without having first been offered in separate parcels.  The decree also found certain other irregularities, but
it will be unnecessary to refer to them in our view of
the case.

The decree finds that the sale of the property *en masse*
without having first been offered in separate parcels, for a
grossly inadequate sum, was an irregularity amounting to
a fraud, and that the complainant had not been guilty of
any conduct which would deprive him of the right to equitable relief and that he was entitled to redeem from the
sale.  Defendant was in possession of the property and the
decree directed him to account for the rents and profits, and
that, in addition to being credited with the amount due him
on the judgment, he also be allowed a credit of $150 for
solicitor's fees incurred in this suit.  The complainant was
directed to pay the defendant within thirty days the amount
so ascertained and fixed and so found due defendant, and
upon payment being made the defendant should surrender
up possession to complainant and execute to him a conveyance of the property.

The complainant was the owner of a life estate in the
premises in controversy by virtue of the last will and testament of his father, which was admitted to probate November 13, 1913.  He never took possession of the premises
prior to the sale, but they had been in the possession, up
to that time, of his brother.  He appears to have been of
the impression that his interest could not be sold on execution and to have claimed he did not own the property but
that it belonged to his brother.  He knew of the levy of
the execution and was present at the sale made by the sher-

iff.    After the defendant received his deed from the sher-
iff he brought an ejectment suit against the complainant's
brother, of which complainant had knowledge, and recov-
ered possession of the property.    The master found from
the evidence that the value of complainant's life estate in
the 80 acres was about $5000.    It was purchased by the
defendant at the sale for $320.12.    This was unquestionably
a grossly inadequate price, but defendant contends that the
complainant's conduct, and his statement made prior to the
sale that he did not have any interest in the property but
that it was owned by his brother, who was in possession of
it, tended to discourage persons who might desire to bid at
the sale, and by his own conduct caused the property to be
sold at an inadequate price.

If there were no other irregularities connected with the
sale except inadequacy of price it might be the complainant
would have no grounds of equitable relief.    In *Skakel* v.
*Cycle Trade Publishing Co.* 237 Ill. 482, it was said public
policy requires stability to be given judicial sales, and they
should not be disturbed unless there has been some mistake,
fraud or violation of some duty by the officer making the
sale or by the purchaser.    In such cases the owner of the
land has twelve months to redeem by paying the purchaser
the amount of the sale.    In the case just referred to it
was said that counsel representing the party asking that
the sale be set aside and for the right to redeem had cited
no case in which the sale had been set aside for mere inade-
quacy of price.    We think the doctrine well established that
inadequacy of price, alone, where the sale has been regularly
conducted in all respects according to law, may not afford
ground for equitable relief, but where there are additional
circumstances or irregularities in selling the property, such
additional circumstances, together with gross inadequacy of
price, may justify relief in a court of equity.    The property
here in controversy consisted of two adjacent 40-acre tracts
of land and was all in a state of cultivation.    The sheriff's

return on the execution shows he sold the property to the defendant, the highest bidder, for $320.12; that defendant paid the costs to the sheriff and the sheriff gave him credit for the amount due him on the execution and returned the execution satisfied in full. From this return it appears the property was not offered in parcels but was offered and sold as an 80-acre tract of land. The attorney who represented the defendant in the collection of his judgment testified he was present at the sale, and that his best recollection was the sheriff inquired if anyone wanted to bid on anything less than the entire 80 acres, and that he afterwards offered it in 40-acre tracts, but the witness was not positive about it. The master held the testimony to be incompetent, and we think correctly so held. The land could easily have been offered in parcels of 10, 20 and 40 acres. It has been repeatedly held that where several tracts of land are levied on, it is the duty of the sheriff to offer it for sale in separate tracts, and if one tract will not sell separately to add another tract to it, and then a third if no bid is had for the two, and so on until it is all offered *en masse.* (*Henderson* v. *Harness,* 184 Ill. 520.) In *Miller* v. *McAlister,* 197 Ill. 72, the sheriff's return showed a levy on 80 acres of land; that he offered it in separate tracts of 20 acres each, and receiving no bid he then offered the interest of the debtor in the entire 80 acres and sold it for $75. The interest of the judgment debtor was worth a little more than $2000. It was held the sheriff should have offered the property in separate tracts of 20 acres, of 40 acres and of 60 acres, respectively, before selling it as an 80-acre tract. The same rule is stated in *Cohen* v. *Menard,* 136 Ill. 130, and *Morris* v. *Robey,* 73 id. 462. In *Lurton* v. *Rodgers,* 139 Ill. 554, property worth $2000 or more was sold at execution sale for $60. This was held to be grossly inadequate, and the court said that, in itself, was not ordinarily sufficient to set aside a sheriff's sale, but, considered with other irregularities in the proceedings, the sale may be set

aside on slight additional circumstances. In that case the property was susceptible of division into parcels but was sold *en masse*. The court said: "Where property susceptible of division has been sold *en masse* for an inadequate price, this court has held in a number of cases that the sale will be set aside if application is made within a reasonable time. (*Morris* v. *Robey*, 73 Ill. 462; *Berry* v. *Lovi*, 107 id. 612; *Stoker* v. *Greenup*, 18 id. 27; *Day* v. *Graham*, 1 Gilm. 435.) In *Morris* v. *Robey*, in deciding the case, it is said: 'Although inadequacy of price on an execution sale may be no ground for equitable relief without additional circumstances to justify it, we are of opinion that such additional circumstances do exist in the present case, and that they are to be found in the irregular mode of selling these eight separate lots in gross without having first offered them in parcels of two or more, less than the whole.'" In the case under consideration the sheriff's return shows the property was not offered in parcels, as the law requires, but was sold *en masse* for a grossly inadequate price. In *VanGundy* v. *Hill*, 262 Ill. 162, the court said, if the property had been offered in parcels before the sale *en masse* the sheriff's return on the execution should have so shown; that the sheriff's return is the best evidence of the manner of conducting the sale,—and this is in harmony with *Cohen* v. *Menard, supra*, and other cases that might be mentioned. In the last mentioned case the court said the presumption of law that an officer does his duty was overcome by the return on the execution. We do not recall any case where relief was not granted where property susceptible of division was not offered for sale as the law requires but was sold in a body at a grossly inadequate price, where the relief was asked for in apt time and the party asking same had been guilty of no conduct which estopped him.

While complainant's conduct and attitude were not of a character to appeal strongly to a court of equity, we find nothing in it to estop him asking that he be permitted, upon

paying defendant everything that was due him, to have his land restored to him. The decree fully protects all the rights of defendant to be reimbursed the amount paid for the land and interest thereon; taxes, if any, and interest thereon; improvements, if any, made by defendant; and an additional sum of $150 for solicitor's fees in this litigation.

The bill alleges that prior to the bringing of the suit complainant was able, ready and willing and offered to pay to defendant the full amount of the money due him by virtue of the judgment, if he had not been fully paid and reimbursed from the rents and profits of the land. The master found that the rental value of the land was $500 per year. Defendant rented it for the year 1916 for $5 per acre and for the year 1917 for $6 per acre. The language used by this court in *McDaniel* v. *Wetzel,* 264 Ill. 212, is pertinent here. The court there said: "Before filing his bill he tendered to Wetzel the full amount of his bid, with six per cent interest and the accrued costs in the forcible entry and detainer suit, and if Wetzel had accepted the money he would have suffered no loss, although he would have failed to hold valuable property for a trifling consideration. The circumstances are such that in our opinion the court ought to have set aside the sale and conveyance."

While some other questions were raised on the trial and are discussed in the briefs, we are of the opinion that, independently of their merit or lack of merit, the decree entered by the circuit court is in accordance with the law as established by numerous decisions, some of which we have referred to.

The decree is affirmed.                    *Decree affirmed.*