(No. 15475.—Decree affirmed.)

S. J. DIETS, Appellee, *vs.* H. T. HAGLER *et al.* Appellants.

*Opinion filed October 20, 1923.*

1. JUDICIAL SALES—*when sale is not void though homestead is not set off.* A sale on execution of land worth more than $1000 without setting off the homestead estate of the judgment debtor, who resides with his family on the land, is not void, and although the purchaser gets no title available in a suit at law for possession, he has an equitable title to the excess in value over $1000, and may go into a court of equity ·and have the homestead set off, if practicable, or require the judgment debtor to accept $1000 and surrender possession.

2. SAME—*right of judgment debtor to set aside sale.* Where land worth more than $1000 is sold on execution without setting off the homestead estate of the judgment debtor the latter may apply to a court of equity to set aside the sale, and the court may cause the homestead to be set off, if the property is divisible, and set the sale aside as to the homestead premises so set off, or, if the property is not divisible, may require the judgment debtor to accept $1000 for his homestead, if the purchaser shall elect to pay it and keep the land.

3. SAME—*duty of officer to offer tracts separately.* Under the statute, where land susceptible of division is offered for sale on execution, the officer making the sale should, before offering the land *en masse,* offer it in separate tracts or combinations, and should make a full return showing the manner of offering the tracts and the facts authorizing the sale *en masse.*

4. SAME—*sale not void merely because land was not offered in separate tracts.* A failure to offer land in separate tracts may, in connection with other circumstances, furnish a reason for setting the sale aside upon reasonable application, but until this is done the sale is valid and conveys the title, which the purchaser may enforce in a court of law or by bill in equity for partition.

5. SAME—*mere inadequacy of price not ground for setting aside sale in equity.* Mere inadequacy of price at a sale made subject to redemption is not a sufficient reason for interference by a court of equity to set the sale aside, but the judgment debtor having notice of the sale should present his motion to set the sale aside in the court from which the execution issued, before the time of redemption has expired.

6. SAME—*execution sale will be set aside only upon equitable terms.* A sale of land under an execution will be set aside in equity only upon equitable terms, and these include the return to the purchaser of the amount of his judgment or his bid, with interest, according to the circumstances.

APPEAL from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

JESSE PEEBLES, for appellants.

THOMAS RINAKER, and MILES K. YOUNG, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

A judgment recovered in 1904 in the circuit court of McLean county by A. W. Stephens & Son for $2768.89 against H. T. Hagler was revived by *scire facias* in 1911, and execution issued on the revived judgment was levied in 1912 on thirty-nine acres of land in Macoupin county belonging to the defendant. The land was sold under a *venditioni exponas* on July 28, 1917, to S. J. Diets for $2000. It is situated in the west half of the northwest quarter of section 21, and was described as the north half of the southwest quarter of the northwest quarter, the southeast quarter of the northwest quarter of the northwest quarter, and nine acres off the south end of the west half of the northwest quarter of the northwest quarter. It was occupied by the judgment debtor as a homestead, the dwelling house being on the ten-acre tract. The tracts were not offered separately but the whole body was sold without subdivision, and no attempt was made to set off the homestead. The bill in this case was filed in the circuit court of Macoupin county by the purchaser, Diets, against H. T. Hagler and his wife, Minerva, to whom he had conveyed the property after the sale, and prayed for the assignment of the homestead, or if it could not be assigned, for a decree authorizing the complainant to pay, and requiring the defendants to accept, $1000 in satisfaction of their homestead

right, for the cancellation of a decree obtained by Minerva Hagler against the complainant, and for the quieting of his title. The defendants answered, the cause after a reference to the master was heard upon his report and exceptions thereto, and a decree was rendered which directed that if the defendants should within sixty days pay to the complainant $2000, with five per cent interest from July 28, 1917, to the date of payment, together with the costs, the bill should be dismissed, and unless the defendants should file with the clerk their election to take $1000 in full of their homestead estate the sheriff of Macoupin county should summon three householders to set off the homestead, and if they did so set off the homestead it should be released from all claim of the complainant and the title to the remainder of the property should be vested in him in fee simple, but if the commissioners found that the premises could not be divided and the homestead assigned, the complainant should pay $1000 to the clerk of the court and the defendants should then surrender the possession of all the land to the complainant. The defendants appealed from this decree.

After the sale on execution and the conveyance of the land to her, Mrs. Hagler filed a bill against Diets in the circuit court of Macoupin county in which she sought to have the sale set aside and her title quieted, and such a decree was rendered by default. The bill in the present case asks that the decree on Mrs. Hagler's bill be set aside on the ground that the court did not acquire jurisdiction of the defendant in that case. The decree in this case found that the court was without jurisdiction and ignored the decree rendered on Mrs. Hagler's bill. The appellants have acquiesced in so much of the decree and have made no argument against it. They say in their statement and argument that just one question was before the circuit court in this case, and that was whether the sale of these three tracts of land was valid, and their claim is that no title passed

by the sale and the complainant shows no right to equitable relief.

Two reasons are urged for the invalidity of the sale. They are, the failure to have the homestead assigned, and the sale of the whole body of land together without offering the different tracts separately.

The testimony of the one witness who testified for the complainant as to value was, that the land was worth from ·$85 to $100 an acre at the time of the sale and the same at the trial. The appellant H. T. Hagler and his son both testified that the land was worth $150 an acre in 1917 and $70 an acre at the time of the trial. Neither a sale of land worth ·more than $1000 on which the debtor resides with his family, without setting off his homestead, nor a sale of land susceptible of division without offering it in separate tracts, is void. The law is well settled that the purchaser on execution of land worth more than $1000, in which the judgment debtor has an estate of homestead, without setting off the homestead, as required by the statute, gets no title which is available in a proceeding at law for the possession of the premises, because the court of law cannot determine how far the homestead right will extend. (*Hartwell* v. *McDonald,* 69 Ill. 293; *Nichols, Shepard & Co.* v. *Spremont,* 111 id. 631; *Palmer* v. *Riddle,* 197 id. 45; *Klosowski* v. *Klosowski,* 266 id. 360.) It is equally well settled that such a purchaser does get an equitable title to the excess in value of $1000, which he may go into a court of equity and enforce by having a homestead of that amount set off to the judgment debtor, or, if that is impracticable, by paying him $1000. (*Loomis* v. *Gerson,* 62 Ill. 11; *Leupold* v. *Krause,* 95 id. 440; *Krupp* v. *Brand,* 200 id. 403; *Mayne* v. *Drury,* 295 id. 533.) On application of the judgment debtor to set aside such a sale a court of equity may cause the homestead to be set off if the property is divisible and set the sale aside as to the homestead so set off, only, or, if the property is not divisible, may require the debtor to accept

$1000 for his homestead if the purchaser shall elect to pay it. (*Stevens* v. *Hollingsworth,* 74 Ill. 202; *Kilmer* v. *Garlick,* 185 id. 406; *Olp* v. *Meyer,* 277 id. 202.) Section 12 of chapter 77 of the Revised Statutes requires real estate, when taken in execution, to be sold in separate tracts or lots which are susceptible of division. Under this section it is the duty of the officer making the sale of several adjoining tracts which have been levied upon, to offer each tract separately, then, if no bid is made, two tracts together, then more in suitable combination until all the tracts have been thus offered, and then if no bids are made or the execution is unsatisfied he may offer all together. The officer should make a full return showing the manner of offering the different tracts and the facts authorizing the sale of all together. (*Cohen* v. *Menard,* 136 Ill. 130; *VanGundy* v. *Hill,* 262 id. 162.) Failure to offer the land in separate tracts does not render the sale void, though it may be a reason for setting it aside if the price is grossly inadequate and there are other irregularities in the sale. (*Miller* v. *McAlister,* 197 Ill. 72.) Mere inadequacy of price in a sale subject to redemption is not a sufficient reason for interference by a court of equity to set the sale aside, and when the debtor has notice of the sale he should present his motion to set it aside in the court from which the execution issued, before the time of redemption has expired. (*Miller* v. *McAlister, supra; Clark* v. *Glos,* 180 Ill. 556.) A failure to offer in separate tracts may, in connection with other circumstances, furnish a reason for setting the sale aside upon seasonable application, but until this is done the sale is valid and conveys the title, which the owner may enforce in a court of law. (*Palmer* v. *Riddle,* 180 Ill. 461.) He may also enforce partition in equity based upon such a title unless set aside. (*Miller* v. *McAlister, supra.*) The burden of showing that land sold upon execution without subdivision was sold for an inadequate price because not offered in separate tracts is upon the person complaining of

309—25

the sale. (*Bowen* v. *Bowen,* 265 Ill. 638.) Only if injury results to the owner by reason of such sale without subdivision can he have the sale set aside. (*Morey* v. *Brown,* 305 Ill. 284.) A judicial sale will not be set aside for inadequacy of price, alone, unless it is such as amounts to evidence of fraud. *Clark* v. *Glos, supra; Barling* v. *Peters,* 134 Ill. 606.

By the decree in question the defendants have received all the relief to which, under the facts, they are entitled in a court of equity.

On the question of value of the land, no such gross inadequacy of price is shown as indicates any fraud in the proceedings connected with the sale. According to the testimony offered by the complainant the value of the land would not exceed $4000. One of the defendants and his son placed the value at slightly less than $6000. The bid was $2000 and the estate of homestead $1000, so that the amount of the sale, added to·the homestead, according to the complainant's testimony was equal to three-fourths of the value of the land, and according to the defendants' testimony was slightly over half. The sale was subject to redemption, and these amounts do not show any such inadequacy of price as constitutes any indication ·of fraud. A sale upon execution will be set aside in equity only upon equitable terms, and these include the return to the complainant of the amount of his judgment or his bid, with interest, according to the circumstances. (*Miller* v. *McAlister, supra; Bowen* v. *Bowen, supra; Olp* v. *Meyer, supra; ·Dimmitt* v. *Flinn,* 229 Ill. 111.) The defendants are given their election to redeem by paying the complainant's bid with interest, to have their homestead set off to them under the statute if it can be done, or to accept the $1000 in satisfaction of their homestead. Equity requires no more.

The decree will be affirmed.        *Decree affirmed.*