DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1924.

---

## Mack Shrontz, Plaintiff in Error, v. Frank L. Thyfault, Defendant in Error.

### Gen. No. 7,197.

1. APPEAL AND ERROR—*failure to appeal interlocutory decree as bar to review on error from subsequent decree.* A decree requiring complainant to pay the purchaser's solicitor's fees as a condition precedent to setting aside a sheriff's deed is not reviewable on error from a second decree fixing the amount of such fees, where no appeal was prayed from the first decree, the evidence was not preserved by a certificate thereof and no error has been assigned, although there is recital in the second decree that the complainant "prays an appeal from the allowance of solicitor's fee" followed in the record by the evidence taken relative to the amount.

2. JUDICIAL AND EXECUTION SALES—*requiring reimbursement of purchaser as condition precedent to redemption not taxation of costs.* A decree requiring complainant seeking to set aside a sheriff's deed to reimburse the purchaser, including his solicitor's fees, as a condition precedent to redeeming and that in default of such payment the bill shall stand dismissed with costs to be taxed, does not tax the solicitor's fees against complainant as costs, payment thereof not being compulsory under the decree.

3. JUDICIAL AND EXECUTION SALES—*imposition of terms proper as condition to setting aside sheriff's deed.* In a proceeding in

(228)

equity to set aside a sheriff's deed, it is within the sound discretion of the court to make the repayment of the purchaser's actual disbursements, including solicitor's fees, a condition precedent to setting aside the deed.

4. ATTORNEYS AND COUNSELLORS—*sufficiency of evidence to fix allowance for solicitor's fees.* An allowance of $200 to be paid by complainant for solicitor's fees to defendant as a condition precedent to setting aside a sheriff's deed to the latter is sustained by the uncontradicted testimony of two witnesses that such amount constitutes a fair and reasonable allowance for the services performed by defendant's solicitor.

Error by plaintiff to the Circuit Court of Kankakee county; the Hon. A. W. DeSELM, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed January 7, 1924.

EDWARD P. HARNEY, for plaintiff in error.

EDEN B. GOWER and WALTER J. NOURIE, for defendant in error.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

On January 30, 1922, the plaintiff in error, Mack Shrontz, filed his bill in the circuit court of Kankakee county against the defendant in error, Frank L. Thyfault, to set aside a sheriff's deed to defendant in error, dated October 11, 1921, for certain land in Kankakee county, on account of alleged irregularities in the proceedings, and praying for leave to redeem from the sale. An answer was filed by the defendant in error, and on November 1, 1922, a decree was entered as prayed which gave the plaintiff in error the right to redeem upon his paying certain specific amounts therein stated, which amounts had been paid by the defendant in error, including "such an amount as may be agreed upon by the parties hereto, or may hereafter be fixed by the court, as a reasonable solicitor's fee incurred by said defendant in the defense of and on account of this suit." On December 16, 1922, during the same term of court, on motions of

the defendant in error, the chancellor heard proof as to the amount of the solicitor's fee and a separate decree was entered ordering plaintiff in error to pay $200 solicitor's fee to the defendant in error. To review that decree a writ of error has been prosecuted.

Plaintiff in error contends that two questions are presented by this appeal: First, the right of a court of chancery to allow a solicitor's fee and tax the same as costs against the plaintiff in error in a case where a decree was entered granting the relief prayed for by the plaintiff in error; and second, the right of a court of chancery to allow a solicitor's fee where there was no competent proof as to the usual and customary charge for such services between parties capable of making a contract, or where the fee to be charged was the subject of contract.

There were two separate decrees entered, one on November 1, 1922, and the other on December 16, 1922, and both appear in the record. From the first decree no appeal was prayed, the evidence taken under it was not properly preserved by a certificate of evidence, and no error has been assigned upon it. It is apparent from the argument of plaintiff in error that his complaint is against the second decree which fixes the amount to be paid. In the second decree, after the finding as to the amount to be paid, is the following: ''Complainant prays an appeal from the allowance of solicitor's fee herein to the Supreme Court of the State of Illinois, motion allowed by defendant filing bond,'' etc. This is the only place in the record where an appeal is prayed, and this decree is followed in the record by the evidence taken relative to the amount to be allowed, but there is no evidence in the record taken under the first decree. Under this condition of the record, we are constrained to hold that there was no appeal from or assignment of errors on the first decree, which made the payment of a solicitor's fee by the plaintiff in error a condition precedent on which the

deed was to be set aside. If the first decree was not appealed from and errors were not assigned upon it, then its provisions are binding on the plaintiff in error and he will not be heard to complain of the action of the chancellor in providing for a solicitor's fee as a precedent condition to setting aside the deed and allowing the plaintiff in error to redeem.

Even if it be conceded that both questions raised by plaintiff in error are properly before this court for review, neither contention of plaintiff in error can be sustained. All through his argument plaintiff in error insists that this solicitor's fee was taxed as costs against him. This is not true. The first decree found that certain specific amounts had been paid out by the defendant in error in obtaining the sheriff's deed, and the decree provided that these amounts should be repaid by the plaintiff in error before he would be permitted to redeem. Under this decree plaintiff in error was not required to pay any of these amounts, including the solicitor's fee, if he did not see fit to do so. The decree provided that "in default of plaintiff in error paying the defendant in error the several amounts therein required to be paid within ninety days from date, that the bill from thenceforth stand dismissed with costs to be taxed," so the only effect of this decree was to permit him to redeem upon his payment of these amounts.

It is a well-settled principle of law that when equity is applied to for the cancellation of a deed, the court is not bound to pass upon the question as a matter of absolute right. It is within the sound discretion of the court to grant or refuse relief according to the facts and circumstances of the particular case. In all cases where the intervention of a court of equity is sought, the court will, in granting relief, impose such terms upon the parties as it deems the real justice of the case requires, and if the plaintiff refuses to comply with the terms, the bill will be dismissed. These terms

usually embrace all payments which have been made by the parties against whom the relief is sought. Those conditions are imposed under the maxim that "he who seeks equity must do equity." *DeWalsh v. Braman,* 160 Ill. 415; *O'Connell v. O'Conor,* 191 Ill. 215; *Springfield & N. E. Traction Co. v. Warrick,* 249 Ill. 470; *Flemming v. Tallerday,* 289 Ill. 508. The last-cited case was very much like the one at bar. A bill was filed to set aside a sheriff's sale and deed for irregularities. A decree was entered in favor of the complainant. The decree provided that he should reimburse the defendant for certain specific items which the defendant had paid out in obtaining the sheriff's deed, and included a solicitor's fee of $150 incurred in that suit. From that decree an appeal was prosecuted to the Supreme Court and the decree was affirmed. This case sustains that part of the decree which requires the payment of a solicitor's fee as a condition precedent to the right of the plaintiff in error to relief under his bill.

The second contention of the plaintiff in error is that there is no competent evidence to justify the fee allowed. Two witnesses testified that in their opinion a fair and reasonable compensation for the services performed in the case would be $200. No evidence was offered by plaintiff in error to contradict this testimony. We think the evidence was sufficient to justify the chancellor in fixing the fee at $200.

We find no reversible error and the decree will be affirmed.

*Decree affirmed.*