## BRYDIA et al. v. STATE ex rel. COM'RS OF THE LAND OFFICE.

No. 28033.    May 23, 1939.

Ledbetter & Ledbetter and Busby, Harrell & Trice, for plaintiffs in error.

Orlando F. Sweet, Haskell Paul, and C. A. Dearman, for defendants in error.

BAYLESS, C. J. The State of Oklahoma, on relation of the Commissioners of the Land Office, filed an action in the district court of Carter county to foreclose a mortgage on real estate, and named as defendants Marvine Brydia, the debtor and owner of the real estate, A. N. Woolridge, the owner of the royalty on 20 acres concededly paramount in title to the mortgage, and E. A. Paschal et al., the owners of mineral rights in the land concededly inferior in title to the mortgage whose interests are now represented by H. E. Ledbetter. In due course judgment was rendered establishing the respective titles and lien as above set forth, and ordering the sale of the land at judicial sale. At the insistence of Paschal et al., under a claim of right to the marshaling of assets, the property was ordered first offered for sale subject to Paschal's interests, but if the property failed to produce a bid sufficient to discharge the lien in full, that the property should then be offered and sold free of their interests. At the expiration of the six months a praecipe for sale was filed asking for an order of sale of the described real estate without limitation or restriction, and an order of sale was issued without mention of Woolridge's superior interest or the conditions of the sale respecting Paschal's interest. The order of sale described the land and made no reference to these other matters. The return of the sheriff recited a sale of the described land without showing any mention of these other interests. The sale was duly confirmed in the same general terms, and a sheriff's deed issued in conformity. Later a correction sheriff's deed was issued which expressly subjected the title sold to the paramount interest of Woolridge.

Some three years thereafter Woolridge, Brydia, and Ledbetter filed a motion to set aside the order of sale, the order of confirmation and the sheriff's deed, and from an order of the district court refusing this request they have appealed.

The appeal, so movants assert, is by petition in error and transcript comprised of

the judgment roll. The position is taken that the judgment roll shows on its face that the sale proceedings were not in conformity with the judgment, and, therefore, the sale is void and more need not be shown to obtain the relief requested.

A great deal of argument is indulged as to whether the transcript is sufficient; as to whether the judgment roll is complete and in addition contains extraneous matter or is actually incomplete; as to whether the sale proceedings are ministerial or judicial; and whether the order of confirmation cured the irregularities or whether the defects were jurisdictional and incapable of being cured.

Passing by these by assuming the movants' contentions with respect thereto on all of these except the last one, we are of the opinion movants are not entitled to relief.

Their interests are not similar. The judgment, which controls all concerned, clearly established Woolridge's superior title and would have been complete and effective notice to any purchaser that the title purchased at the sheriff's sale was subject to Woolridge's interest. If by any stretch of reason the ministerial steps taken by the clerk and sheriff in the sale could have been construed as a cloud, the corrected sheriff's deed which the purchaser accepted disposed of such construction. It seems to us that if Woolridge considers the ministerial steps of the clerk and sheriff as a cloud on his title, an action to quiet title would be the proper steps for him, and not a motion to vacate the sale at this late day. The action would be between him and the purchaser at the sale; and, as pointed out, since the purchaser (who was the judgment creditor) has accepted and recorded a correction deed fully recognizing the superiority of Woolridge's interest, it is difficult to see how it can be claimed that a cloud on the title existed or a controversy thereon existed. Especially is this true when the trial court herein recognized and fully protected his interest and the other party did not appeal. Upon the face of this record Woolridge suffered no injury by the irregular sale, and the motion presented no facts entitling him to relief, and since judgment below was in his favor in so far as adjudicating his interest, he has no reason to appeal.

Brydia stood to lose the entire title to the property even if it sold subject to the rights now claimed by Ledbetter, and there is not a single allegation in the motion that entitles her to relief.

This brings us to Ledbetter. We are of the opinion that the sale as a whole without first offering subject to his interest was erroneous and not in conformity with the judgment. However, we are unwilling to hold it to be a defect rendering the sale void, but do hold it to be an irregularity sufficient to require a resale on timely objection which was not made.

The effort now to vacate comes after confirmation, and the lapse of much time. We believe that in addition to showing the irregularity, he should also show a prejudice resulting to him. The rule in 19 R. C. L. 575, sec. 387, note 10, is:

"A court will not entertain proceedings to set aside a foreclosure sale for irregularity in offering the property for sale in a mode different from that provided in the decree, the price realized being adequate, on the ground that if offered for sale in a different manner, the property might by some fortuitous circumstance have brought more than its value."

Citing Summerville v. March, 142 Cal. 554, 76 P. 388, 100 A. S. R. 145. In this case the land was ordered sold as a whole, but a junior lienholder, who had not appeared in the action to establish his lien, prevailed on the sheriff conducting the sale to sell a portion which sufficed to satisfy the judgment and leave a surplus. The court held there was no prejudice to the owner. In 42 C. J. 232, sec. 1872, it is said:

"But this action will not be taken on account of any defects or irregularities which do not invalidate the title of the purchaser or work substantial and real injury to the rights of any party in interest, * * *"

Citing many cases, including Meux v. Trezevant, 132 Cal. 487, 64 P. 848, holding:

"It must appear that there has been a material departure from the mandates of the decree, or the law governing such sales, to the injury of the party applying to have the same set aside."

No prejudice was pleaded or shown, nor is it shown that an injury was done to any substantial right of any of movants. The land was sold, free of movants' interest, for less than the judgment lien, and it is not reasonable to suppose that if it had been offered subject to their interests, it would have produced a greater sum.

The order of the district court is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.