MILLER v. WENTZ.

No. 31639. Jan. 23, 1945.

*155 P. 2d 240.*

Tom L. Irby and C. L. Armstrong, both of Ponca City, for plaintiff in error.

Felix Duvall, of Ponca City, and Ned Looney, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from an order confirming sale of lands under a judgment to foreclose a real estate mortgage in an action wherein L. H. Wentz, hereinafter called plaintiff, obtained a judgment against the defendant, Z. T. Miller. The lands involved are situated in counties, Kay, Noble and Pawnee. The lands were sold under special execution directed to the sheriffs of the proper counties and commanded the sale of the one-fourth interest of the defendant therein. The sheriffs of the respective counties advertised the lands and sold them as directed in the special execution and notice relating thereto. There is no contention by the defendant that any of the three sheriffs disobeyed **either the special** execution and order of sale or violated the notice given thereunder.

The trial court confirmed the sale and the defendant appeals and in his two specifications of error raises the sole issue that the court erred in confirming the sale for the reason that the sheriff of Noble county failed to split the larger portions or parcels of land into parcels **or lots of 160** acres or less; and that in Pawnee county and Kay county there was a failure to offer the lands in separate tracts. Defendant asserts that in the sale conducted by the sheriff of Pawnee county 2,717 acres were sold in eight parcels containing from 840 acres to 6.8 acres. Plaintiff points out that this sale is inadvertently referred to by the defendant as occurring in Pawnee county; that it occurred in Noble county and that defendant was not present in Noble county at the

time of the sale and made no request at the sale as to how the land should be sold.

No specific objection is urged to the lands sold in Kay county. The record discloses that the defendant appeared at the sale in Pawnee county and made a request that the lands be sold in separate tracts. It was offered in separate tracts but sold as a whole. The special execution and notice in Pawnee county was specifically provided for in the journal entry of judgment because of the oil and gas mineral rights and the land was sold in compliance with the order of sale and journal entry of judgment. This provision was placed in the journal entry with the consent of the plaintiff and defendant and the sheriff was carrying out the order of the court. There was no error in the sale of the lands in Pawnee county. The argument remains, therefore, that as respects the land in Noble county a sale in parcels of more than 160 acres was so unreasonable and inequitable that the court abused its discretion in confirming the sale.

We have examined the cases cited by the defendant, including Flemming v. Tallerday, 289 Ill. 508, 124 N.E. 613, and Cohen v. Menard, 136 Ill. 130, 24 N.E. 604, and find that they are not in point. Therein either some statutory rule was violated or some infringement of the order or other requirement presented by the particular circumstances was involved. In Lawton Mill & Elevator Co. v. Farmers' & Merchants' Bank, 109 Okla. 291, 234 P. 705, we held that the mere fact that lands are sold in gross and not in lots is not in itself sufficient ground for setting aside the sale. In Wedgwood v. Boyd, 174 Okla. 531, 51 P. 2d 299, it was urged that error was committed by the sheriff in the method in which he conducted the sale in that the lots were not sold separately. There was no showing that the property would have brought more if sold by another method. The sale was confirmed. In Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. 2d 252, we announced the rule that the general pre-

sumption is that public officers perform their official duties, and that their official acts are regular, and a party attacking the sufficiency of proceedings leading up to the judicial sale has the burden of proving the insufficiency thereof. In Berke v. Home Owners' Loan Corp., 192 Okla. 124, 134 P. 2d 346, we reaffirmed a prior rule announced in Brydia v. State ex rel. Commissioners of the Land Office, 185 Okla. 156, 90 P. 2d 919, and held that it was proper to deny a motion to vacate the order of confirmation in a mortgage foreclosure where the movant fails to show some real or substantial injury to his rights. In the case at bar there was no allegation or claim of a failure to sell in compliance with the decree, the special execution, or the notice of sale. Although the rule referred to was announced in cases involving a motion to vacate an order confirming the sale, the rule is the same in a motion to confirm the sale and the objection to the confirmation. We have examined the proceedings and are convinced that there was no reversible error in the order confirming the sale.

Affirmed.