S. T. CHASE *vs.* JAMES A. WILLIAMS and others.

Aroostook.    Opinion May 27, 1880.

*Levy.    Appraisers' return.    Officer's return.    Amendment.*

In a levy of an execution upon real estate the appraisers' return must state the value of the estate appraised. Saying, that they set it off as in full satisfaction of the execution and costs of levy, is not equivalent. Nor does the return of the officer, that they appraised the property at a certain sum, remedy the defect.

An officer's return stating that the appraisers set off the estate "with metes and bounds" is inconsistent with the appraisers' return setting off an undivided part.

Amendments may be made to the return of appraisers as well as to the return of the officer, when the rights of third persons acquired *bona fide*, and without notice by the record or otherwise, would not be destroyed or lessened thereby, according to the facts; that is, when the proceedings were regular and sufficient and only the returns defective. And if the returns contain sufficient matter to indicate that in making the extent the requisites of the statute have been complied with, an amendment may be made notwithstanding any intervening interest of a subsequent purchaser or creditor. But permission to amend a return ought not to be given as a matter of course; nor granted without first notifying the adverse party and give him an opportunity to show cause against the amendment.

There is no imperative necessity for stating in the levy that the estate is held in joint-tenancy and not in common, provided only, that the whole estate be described and the share of it owned by the debtor and levied on be stated. The levying creditor by a valid levy gets an estate in common with his debtor's co-tenant, and is entitled to a partition of the fee.

ON REPORT.

Petition for partition of certain real estate in Plantation No. 11, Aroostook county, dated January 21, 1878. Respondents moved to dismiss "because the petitioner has not stated the proportions belonging to the other tenants in common, nor whether any or all of them are unknown, and has not prayed for partition of the whole premises." The motion was overruled and leave to amend the petition was granted.

The petitioner put in a copy of the judgment, *S. T. Chase* v. *Martha A. Williams*, the execution issued thereon, and levy of the same upon real estate of Martha A. Williams.

The following are copies of so much of the returns as are material to this report:

Appraisers' return.—"Aroostook, ss. July 28, 1875. We, the subscribers, three disinterested men, having been first duly chosen and sworn faithfully and impartially to appraise such real estate as should be shown to us to be taken by the within execution proceeded with the officer . . . to view and examine so far as was necessary for a just estimate of its value, the following described real estate, situate in half township No. 11, R. 1, west from the east line of the State, in said Aroostook county, shown to us by S. T. Chase, the within named creditor, the said Martha A. Williams holding one undivided fifth part of the same with others, the metes and bounds of which are as follows, to wit: . . . And we have set off said undivided fifth part to the creditor, in full satisfaction of this execution and costs of levy, to hold to said creditor, his heirs and assigns, in fee forever."

Officer's return. "Aroostook, ss.—July 28, 1875. By virtue of this execution, on the 27th day of July, 1875, seized the real estate described in the foregoing certificate of the appraisers, and having given notice thereof to the within named Martha A. Williams, and allowed her a reasonable specified time within which to choose an appraiser, and the said Martha A. Williams, the debtor, refusing to choose an appraiser, and having caused three disinterested men, to wit: Varney Putnam chosen by the creditor named in the within execution, William Reed, chosen by me for the debtor, from reasons aforesaid, and William Smith, by myself, all No. 11 in said county, to be duly sworn, faithfully

and impartially to appraise such real estate as should be shown to them to be taken by force of this execution, and the real estate described in the foregoing certificate of the appraisers now referred to for a description thereof, having been so shown to them and to me by the creditor within named, as the estate in fee simple of said Martha A. Williams, the debtor aforesaid, the aforesaid appraisers proceeded with me to view and examine the same so far as is necessary to a just estimate of its value, and having thus viewed and examined the same, they appraise the same at the sum of $94.92, and set the same off with metes and bounds aforesaid, to the said S. T. Chase, the creditor, to hold to him his heirs and assigns in full satisfaction of this execution, and costs of levying the same, taxed at $6.80. I refer to and adopt the return of the appraisers as a part of this, my return, and I have this day levied this execution upon said land described as aforesaid." . . .

The respondents then put in a deed from John Hodgdon to Martha A. Williams and four others, which describes the premises set forth in the petition, dated January 31, 1865, which contains this provision, following the description : "The same to be held by said grantees as joint tenants."

The case was then reported to the full court to give it such direction as the law requires.

*J. B. Hutchinson*, for the petitioner, cited : R. S., 1841, c. 94, § 11 ; 1857, c. 76, § 7 ; 1871, c. 76, § 7 ; 1 Wash. R. P. 411 ; *Roop* v. *Johnson*, 23 Maine, 335 ; *Brackett* v. *McKenney*, 55 Maine, 505 ; *Glidden* v. *Philbrick*, 56 Maine, 222 ; *Jones* v. *Buck*, 54 Maine, 308 ; *Gilman* v. *Stetson*, 16 Maine, 126 ; *Buck* v. *Hardy*, 6 Maine, 162.

*Madigan & Donworth*, for the respondents.

The petition is defective because of reasons stated in motion to dismiss. This question is still open as no amendment has yet been allowed. R. S., c. 88, § 2. *Bigelow* v. *Littlefield*, 52 Maine, 24.

The levy upon which the petition is based is void. The appraisers' return is fatally defective. They do not state the

value of the estate appraised. R. S., c. 76, § 3. The officer's return is full of errors and does not meet the requirements of the statutes, and is inconsistent with the appraisers' return. R. S., c. 76, § § 3–5. Neither return states that the estate is to be held in joint tenancy or tenancy in common. *Duncan* v. *Sylvester*, 16 Maine, 388.

BARROWS, J. There is a radical defect in the levy under which the plaintiff claims. The appraisers do not in their return "state the value of the estate appraised," as required by R. S., c. 76, § 3. Nor do they say anything from which its value can be inferred by necessary intendment. It will not do to say that the statement that they "set off said undivided fifth part to the creditor in full satisfaction of this execution and costs of levy" is equivalent. For aught that appears, appraised at its true value, it may have been much more than sufficient for that purpose. See *Meade* v. *Harvey*, 2 N. H. 495.

Nor does the return of the officer that they appraised the property at $94.92, and set it off "with metes and bounds aforesaid," supply the deficiency. The vital matter of the value of the estate taken to satisfy the execution and costs of levy in the estimation of the appraisers, must appear in both the returns—that made by the appraisers, as well as that of the officer. R. S., c. 76, § § 3 and 5.

The inconsistency of the two returns, one stating the setting off of an undivided fifth, and the other a setting off "with metes and bounds," shows a want of understanding or heedlessness that is inconsistent with the requirements of a valid levy.

The motion to dismiss was properly overruled, and leave to amend the petition properly granted. The petition gives the names and residences of the cotenants, and if the amount of the shares, respectively owned by them, had been stated as it appears in evidence, it would amount to an averment that upon the theory of the petitioner, all the owners were known.

But it is not a statute requirement that the petitioner should state the respective shares of the cotenants, although, whenever they are known, it is better practice and contributes to a more

ready understanding of the case to do it.    The names and residences of the cotenants are what is called for, and unless the petitioner knows and inserts them all, he must state that there are others unknown.    See R. S., of 1841, c. 121, § § 2, 4, 5.

The amendments of the petition which have been allowed, may be expected to make all this more certain.

It does not appear that the petitioner has not asked partition of the whole estate which was originally held by Martha A. Williams and the respondents.    His ground is that he has succeeded to the rights of Martha in the estate as described, by virtue of his levy.    It will be inferred that it is the whole estate unless the contrary appears.

It does appear that Martha A. Williams, whose share the petitioner claims, and her children, held as joint tenants one fifth each.

Section seven of chapter seventy-six of the Revised Statutes, makes provision that "all the debtor's estate, interest, or share in the premises, whether held in tail, reversion, remainder, joint tenancy, or in common, for life, years or otherwise, shall pass by a levy, unless it is larger than the estate mentioned in the appraisers' return." This necessarily implies, among other things, what was more distinctly expressed in R. S., of 1857, c. 76, § 7, thus : "The whole or a part of an estate held in joint tenancy or in common, may be taken and held in common, but the whole estate must be described and the share of it owned by the debtor must be stated."

Here we have an express provision for the taking upon execution of an estate, held by the debtor in joint tenancy with the same effect in converting it into an estate in common, which is produced by a deed from one joint tenant to a stranger, namely, a severance of the joint tenancy and a destruction of the right of survivorship as to the share conveyed.

No change in legal effect is produced by incorporating in § 7, c. 76, R. S., of 1871, what formed part of § 6, c. 76, in the revision of 1857, and though the mode of levying upon an estate held in joint tenancy, and its effect upon the estate are less distinctly expressed, they remain the same.

No evidence of an intention on the part of the legislature to work a change in the revision is perceived. *Hughes* v. *Farrar*, 45 Maine, 72.

Alienation by deed, given by one joint tenant to a stranger, destroys the joint tenancy, and its distinguishing incident, the right of survivorship; and the grantee in such deed takes simply an estate in common. Greenleaf's Cruise, Vol. II, Tit. XVIII, c. II, § § 1, 2, 8, 10, 12, pp. 370, 372. An authorized and lawful alienation by levy must have the same effect. JACKSON, J., in delivering the opinion of the court in *Bartlet* v. *Harlow*, 12 Mass. 350, says, "The levy of an execution upon real estate is a kind of statute conveyance from the debtor to the creditor;" and he quotes from stat. 1783, c. 58, a section (which seems to be the origin of the provision that we now have, that "all the debtor's estate, interest or share . . shall pass by a levy") to this effect. "It shall make as good a title to the creditor, his heirs, and assigns as the debtor had therein," and remarks thereupon: "It was not the intention of the legislature to allow estates to be created, or transferred in any new manner, altogether repugnant to the principles of the common law, but to put a conveyance under this statute on as good a footing as if made freely by the debtor.'" Hence a levy upon part of the lands holden in joint tenancy or tenancy in common, by metes and bounds, was held invalid. *Blossom* v. *Brightman*, 21 Pick. 283. And the same doctrine is applied where a tenant in common has undertaken to convey by deed, his interest in a part only of the common estate; *Blossom* v. *Brightman*, 21 Pick. 285, and in this State to attempt to procure partition of only a part of the estate held in common, *Duncan* v. *Sylvester*, 16 Maine, 388; *Bigelow* v. *Littlefield*, 52 Maine, 24. Since an alienation (whether by deed or by levy) to a stranger by one of several joint tenants, is productive of the same effect, and the grantee takes only an estate in common, and the share which is conveyed is by the very act of conveyance converted into an estate in common, we see no imperative necessity for stating in the levy that the estate was held in joint tenancy and not in common, provided only that the whole estate

be described and the share of it owned by the debtor and levied on be stated. The levying creditor by a valid levy gets an estate in common with his debtor's cotenants, and is entitled to a partition of the fee. The question then arises here, are the defects in the returns of the officer and appraisers incapable of being remedied by amendment?

No case has been cited in which a return of appraisers upon an execution has been amended in this State, and none has fallen under our notice. In the only case that we are aware of in which it was proposed, *Harriman* v. *Cummings*, 45 Maine, 351, the question whether it was or was not allowable, was not decided because there was another fatal defect in the proceedings, as to which no amendment seems to have been proposed. We see no good reason, however, why a return of appraisers should not be amended under like circumstances, and upon such proof as make the amendment of an officer's return of an extent upon execution permissible.

The limitations under which such amendments are permitted have been stated by the chief justice of this court thus—"No amendment of an officer's return should be permitted when such amendment would destroy or lessen the rights of third persons acquired *bona fide* and without notice by the record or otherwise. But if the return contain sufficient matter to indicate that in making the extent, all the requisitions of the statute have [probably] been complied with, an amendment may be made, notwithstanding any intervening interest of a subsequent purchaser or creditor." *Glidden* v. *Philbrick*, 56 Maine, 224, and cases there cited. See also, Freeman on Executions, § 388, and cases there cited. *Buck* v. *Hardy*, 6 Maine, 162; *Gilman* v. *Stetson*, 16 Maine, 124.

The only suggestion in the present case that an amendment would affect the rights of third parties, comes from the fact that the judgment debtor, since the levy, has conveyed her share to one of her sons and former cotenant. The consideration named in her deed is $100, and the grantee on the same day mortgages it back for that amount, with condition that the mortgage shall be void if he shall maintain the grantor during the remainder of her life.

That such an arrangment cannot be upheld in equity as against prior creditors of the grantor, even though the grantee had no intention to hinder or defraud the grantor's creditors, was settled in *Egery* v. *Johnson,* 70 Maine, 258. See also, *Barker* v. *Osborne, & Tr. ante* p. 69. It is difficult to see why an amendment is not just as allowable under these circumstances as it would be against the judgment debtor for whose benefit, apparently, the arrangement is made.

Whether the mistakes and omissions in the return of this levy can be corrected in accordance with the facts — that is — whether the proceedings were actually regular and sufficient, and only the returns defective, must be determined by a judge sitting at *nisi prius,* who, for aught to which our attention has been called at the present hearing, may, upon proof of the necessary facts, with a saving of all rights acquired in good faith by other parties, if any such there be, give the appraisers and officer leave to amend their returns upon such terms as to cost as he thinks proper.

The fact that such an amendment may affect the result of the present proceeding is not necessarily an objection. *Howard* v. *Turner,* 6 Maine, 106.

But for the reasons given in Freeman on Executions, § 358, and cases there cited, "permission to amend a return ought not to be given as a matter of course ; nor granted without first notifying the adverse party and giving him an opportunity to show cause against the amendment."

> *Case remanded for such amendments
> and proceedings as may be found
> necessary and proper in conformity
> herewith.*

APPLETON, C. J., DANFORTH, PETERS and SYMONDS, JJ., concurred. VIRGIN, J., concurred in the result.