**REEDER et al. v. MITCHELL et al.**

No. 16030—Opinion Filed Feb. 2. 1926.

**1. Attachment—Sheriff Sale of Real Estate—Procedure.**

The provisions of section 388, C. O. S. 1921, providing for the sale of attached real estate under an order of sale issued upon a judgment confirming the attachment, do not contemplate a levy of such order as in case of an execution before appraisers are appointed, but require the sheriff to proceed in all respects "as if the property had been levied upon by execution," and the sheriff may call an inquest at any time after the order of sale is delivered to him and before the sale thereof.

**2. Pleading—"Filing" Unaffected by Mistake of Court Clerk.**

A pleading is filed, within the meaning of the statute, when it is delivered to the court clerk for that purpose, and the neglect or mistake of such clerk to indorse the proper date of filing thereon does not affect the pleading.

**3. Attachment—Sale of Real Estate—Sufficiency of Publication Notice.**

A publication notice for the sale of real property first published in a daily paper on the 3rd day of December, and in each and every issue of such paper thereafter up to the 2nd day of January, the sale being on said date, is sufficient under the provisions of section 708, C. O. S. 1921.

**4. Judicial Sales—Validity of Prior Proceedings—Burden of Proof.**

A party attacking the sufficiency of proceedings leading up to a judicial sale has the burden of proving the insufficiency thereof.

(Syllabus by Dickson. C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Tulsa County; Albert C. Hunt. Judge.

Action by John O. Mitchell et al., as trustees of the trust estate known as John O. Mitchell Company, against C. L. Reeder and Woodson E. Norvell. Judgment for plaintiffs, and defendants have appealed. Affirmed.

Woodson E. Norvell and Edward E. Harvey, for plaintiffs in error.

Davidson & Williams. for defendants in error.

Opinion by DICKSON. C. The parties will be referred to as plaintiffs and defendants, as they were designated in the trial court, inverse to the order in which they here appear.

On the 3rd day of July, 1923. the plaintiffs recovered a judgment against the defendants for $1,426.36, and an order and decree sustaining an attachment upon certain real estate in the city of Tulsa. It was further ordered and decreed that the attached property "be sold by the sheriff of Tulsa county under the same restrictions and regulations as if the same had been levied upon by execution." On the 21st day of November. 1923. an order of sale was issued by the clerk of said court and delivered to the sheriff, directing him to proceed according to law and sell, as in case of execution. the said real estate. On the 2nd day of January, 1924, the sheriff made the return of said order of sale, setting forth that he received said writ on the 21st day of November. 1923; that he levied the writ on the attached property on the 30th day of November, 1923, and caused the same to be appraised by three disinterested householders

residing in Tulsa county; and caused a notice of the time and place of the sale of said property to be published for 30 days in the Tulsa Daily News, a newspaper of general circulation in Tulsa county. A copy of said appraisement, notice of sale, and printer's affidavit, was attached to and made a part of the return, and the record shows that the property was appraised at $750, and sold for $500 to John O. Mitchell Company. On the 4th day of January, 1924, the plaintiffs filed their motion to confirm the sale, and the defendants filed their motion to quash the return. The motion to confirm was sustained by the court and the motion to quash was overruled. The defendants excepted, and have duly appealed to this court by petition in error with case-made attached.

The first contention argued for a reversal is that the sale was void for the reason that the appraisement was not made after the levy of the order of sale. Section 388, C. O. S. 1921, provides that where in an attachment proceeding judgment is rendered for the plaintiffs, the property taken upon the writ of attachment "shall be sold by order of the court under the same restrictions and regulations as if the same had been levied by execution." It was wholly unnecessary to levy upon the property after the issue of the order of sale. The original levy on the writ of attachment and the confirmation thereof by the court render such levy wholly unnecessary. It appears that the appraisement was made on the 24th day of November, 1923, and filed in the office of the court clerk on December 1, 1923. The appraisers were appointed after the order of sale was delivered to the sheriff, and was returned before the confirmation of the sale, and is in all respects regular.

It is next contended that the motion to quash should have been sustained for the reason that said order of sale was issued on the 21st day of November, 1923, and while the praecipe for the order is of the same date, the filing indorsement on the back thereof states that it was filed on the 27th day of November, 1923. The case-made recites that the praecipe for the order of sale was filed on November 21, 1923, and must be taken as true, and besides a pleading is filed within the meaning of the statute when it is delivered to the proper officer for that purpose, and the neglect or mistake of such officer in indorsing the proper date thereon does not affect the rights of the parties. Covington et al. v. Fisher, 22 Okla. 207, 97 Pac. 615.

It is next contended that the notice of sale under the order of sale was insufficient.

The notice was first published on the 3rd day of December, 1923; the sale took place at two o'clock on the 2nd day of January, 1924. Including the first day and excluding the last, 30 days elapsed between the first publication and the day of sale. This was sufficient. Richmond v. Robertson, 50 Okla. 635, 151 Pac. 203, Northrep v. Cooper, 23 Kan. 432. But it is contended that the notice was only published 29 times. The affidavit of the publisher is that the notice was published 30 consecutive days, the first being December 3rd and the last being December 31, 1923. Section 3568, C. O. S. 1921, provides that any newspaper which is regularly published as often as five days a week shall be considered to be a daily newspaper. Section 708, C. O. S. 1921, provides that the advertisement shall be for 30 days, and this means that the first publication must be at least 30 days prior to the day of sale, and such publication must be continued in each successive issue of the paper up to the day of sale. Johnson et al. v. Taylor et al., 68 Okla. 229, 173 Pac. 1039. We take the affidavit of the printer and the return of the sheriff to mean nothing more nor less than that the notice was first published on the 3rd day of December, 1923, and was continued in every regular issue of the paper up to the day of sale. No evidence was offered in support of the motion, and if there were other issues of the paper between said days, in which the said notice was not carried, the burden was upon the defendants to prove it.

It is finally contended that the John O. Mitchell Company trust estate could not take title to the property under a conveyance to it as purchaser under the statute or common law. This question was not raised in the court below, and cannot be considered here.

We find no error, and the judgment of the district court of Tulsa county is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 485 §1146. (2) 31 Cyc. p. 591; 21 R. C. L. p. 519. (3) 35 C. J. p. 21 § 29. (4) 35 C. J. p. 109 §186.