**SECURITY STATE BANK v. MALONE et al.**

No. 17794.  Opinion Filed Jan. 31, 1928.

(Syllabus.)

**1. Exceptions, Bill of—Mandatory Requirements.**

A bill of exceptions must be reduced to writing, allowed and signed by the trial judge, and filed with the pleadings as a part of the record.

**2. Same—Appeal and Error—Review Denied Where Bill of Exceptions not Allowed and Signed by Trial Judge.**

Where the purported bill of exceptions is not presented to the trial judge and by him allowed and signed, it presents nothing to this court for review.

**3. Appeal and Error—Record—Motion to Vacate Order Discharging Receiver and Appointing Another and Action on Motion not Part of Record Proper.**

A motion to vacate and set aside an order discharging a receiver and appointing another in his stead and the order overruling the same are no part of the record proper unless brought into the same by bill of exceptions or case-made.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action between the Security State Bank and J. K. Malone et al. From the action of the trial court in overruling the former's motion to vacate former order of the court discharging a receiver and appointing another in his stead, it appeals. Dismissed.

B. C. King, for plaintiff in error.

W. A. Delaney, Jr., for defendants in error.

King & Delaney, for receiver.

PER CURIAM. This is an attempt to appeal from an order denying a motion to vacate an order discharging a receiver in this cause and appointing another.

The appeal is attempted by bill of exceptions, but the purported bill of exceptions was not presented to the trial court and by him allowed and signed, and for this reason the purported bill of exceptions presents nothing to this court for review. In the case of Herren v. Merrilees, 7 Okla. 261, 54 Pac. 467, the Supreme Court of the territory of Oklahoma laid down the following rule:

"A bill of exceptions can be settled and allowed only by the judge, and when it receives his signature it should be complete, and nothing left to be settled by the clerk or any other person."

Exhibit "A" attached to the petition in error (designated by plaintiff in error "bill of exceptions") is certified to by the clerk of the trial court, but this certificate cannot supply the office of the signature of the trial judge, as is set forth in the rule in the second paragraph of the syllabus of the above stated case as follows:

"The certificate of the clerk of the district court cannot be made to supply the place of a bill of exceptions taken in accordance with the statute, and when matter is sought to be brought into the record by such means, it will be disregarded by the Supreme Court. And the ultimate decision as to what the bill of exceptions should

contain rests with the trial judge. The decision of the judge is a judicial act, and cannot be delegated."

The case of Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 Pac. 175, we think clearly sets forth the method of appeal and the bringing of a bill of exceptions into the record, as reflected in the eighth and ninth paragraphs of the syllabus in said case:

"There are two ways of bringing a record to this court in support of a petition in error: (a) The party appealing may attach to his petition in error a case-made containing all the record, including evidence and statements of the exceptions without the necessity of having the exceptions reduced to writing, allowed and signed by the trial judge; (b) or the appealing party may attach to his petition in error a transcript of the record, and if he desires to bring to this court any part of the record other than the pleadings, the process, the return, reports, verdict, orders and judgments as provided for in section 5146, Rev. Laws 1910, he must incorporate the same into the record by a bill of exceptions.

"The bill of exceptions must be reduced to writing during the term of court at which the proceedings were had, unless the ruling and decision excepted to is made in vacation or at chambers, allowed and signed by the trial judge, and filed with the pleadings as a part of the record. The bill of exceptions never becomes a part of the record until it is filed in the trial court; and unless filed in that court it cannot be incorporated into a transcript in support of the petition in error in this court."

As above stated, the said Exhibit "A" is certified to by the clerk of the trial court as a transcript, but the error complained of in this appeal does not appear upon the record proper and cannot be presented by transcript, but must be presented by bill of exceptions or case-made. Vann v. Union Central Life Ins. Co., supra, wherein the rule is expressed as follows:

"A motion to vacate and set aside a judgment and the order of the court thereon are not parts of the record unless brought into the same by a bill of exceptions or case-made." See the following cases for same rule: Scott v. Wood Lbr. Co., 86 Okla. 185, 207 Pac. 449, and cases therein cited.

Petition in error filed in this cause appears to have been signed by both plaintiff and defendant in the action in the trial below, and there is filed herein by the defendants in error a confession of error, but since we have determined that the purported bill of exceptions, not having been allowed and signed by the trial judge, brings nothing before this court for review, we are unauthorized to pass upon the alleged errors attempted to be presented, and the appeal is hereby dismissed.

Note.—See under (1) 4 C. J. p. 248, §1855; p. 293, §1907; 2 R. C. L. p. 147; 1 R. C. L. Supp. p. 412; 4 R. C. L. Supp. p. 74. (2) 4 C. J. p. 248, §1855; p. 293, §1907. (3) 4 C. J. p. 167, §1775.