## GRIGGS v. REESER MOTOR CO. et al.

No. 21926. Opinion Filed July 12, 1932.

Rehearing Denied Oct. 18, 1932.

Franklin H. Griggs, for plaintiff in error.

D. B. Crewson for defendants in error.

PER CURIAM. This cause presents an attempted appeal from an order of the district court of Tulsa county, entered April 2, 1930, overruling the objection to confirmation of sheriff's sale and confirming sale; and a further order of the trial court entered May 22, 1930, denying the motion of the intervener to recall the writ of assistance and to vacate the same.

Petition in error with purported transcript and bill of exceptions was filed in this court November 20, 1930, with Franklin H. Griggs, intervener, as plaintiff in error, and Reeser Motor Company, a corporation. and A. W. Potter and W. F. Potter defendants in error. On December 9, 1930, the defendants in error filed motion to dismiss the appeal on the grounds that the case-made was signed and settled without notice; and that petition in error and case-made was not filed within the time allowed by the court in which to make and serve and settle case-made. Upon showing made by the plaintiff in error to the effect that the appeal was by transcript and a bill of exceptions, this court denied the motion to dismiss by order entered January 6, 1931. On February 17, 1931, the appeal was dismissed for want of prosecution, and on March 24, 1931, upon motion to reinstate, this court entered an order reinstating the appeal and granting plaintiff in error 30 days in which to brief. Another motion to dismiss the appeal lodged by the defendants in error on April 30th, on the grounds that no brief had been served upon the defendant in error and more than 30 days had expired since the order reinstating the appeal, was denied on June 16, 1931, upon a showing made that the plaintiff in error had filed brief on April 22, 1931 and on May 2, 1931, had served the defendant in error with a copy of said brief. No answer brief on the merits and no other pleading has been filed by the defendants in error, and this cause is before the court for disposal on the brief of plaintiff in error, upon the following assignments of error as stated in the petition in error:

"(a) The court erred in its confirmation of the sale because it was unauthorized and void, not having been held in conformity with law.

"(b) The court erred in its refusal to recall and vacate the writ of assistance because of the invalidity of the sale.

"(c) The court erred in its recognition as of any force or effect the particular so-called 'writ of assistance' * * * no such instrument ever having been known to the law."

The assignments of error presented in the brief are as follows:

"1. The court erred in the entry of any order of sale on the erroneous judgment in favor of the defendant in error in the absence of any proof of its title to the mortgage sought to be foreclosed and in its denial of a new trial for insufficiency

of the evidence to sustain that judgment, the appeal from which is now pending in court as No. 21330.

"2. The court erred in its confirmation of the sale as unauthorized and not held in conformity with the requirements of the law.

"3. The court erred in its denial of the right to supersede the order of confirmation.

"4. The court erred in its refusal to recall and vacate the writ of assistance not only because of the invalidity of the sale, but because it was itself invalid."

The brief is very short, comprising a little over five pages, the statement of the case and the assignments of error covering more than half of said brief. No authorities are cited in support of the contention made by plaintiff in error. The following is the argument presented;

"Argument.

"Case No. 21330, now pending in this court, will very probably have had consideration before this case is reached in the ordinary course. If the plaintiff in error is successful in that case, no further consideration need be given to this one and any discussion of the first assignment of error would be out of place. The third assignment of error would remain important only to show the good faith of this appeal, and the plaintiff in error here has furnished a supersedeas bond. * * *

"The other two assignments of error may well be considered together. Otherwise, this case could well be submitted on the briefs in No. 21330.

"On these two assignments the plaintiff in error has the principal suggestion to make that the record that the notice of sale to be held on the 28th day of March, 1930, at 2 o'clock p. m., was first published in the Tulsa Daily Legal News on the 26th day of February, 1930, and last on the 27th day of March 1930 (Tr., p 16), and that that 'paper' did not ordinarily go to press, nor was it issued on that day, until after six o'clock in the evening, after the courts and county offices had closed for the day (Tr., pp 26, 27 28, 29) and deliveries were ordinarily made at offices and then only after seven o'clock in the evening when the court will take judicial notice most of them are closed. It is essentially a publication of official proceedings and only by a stretch of highly technical legal imagination can it be called a legal paper, a 'newspaper,' such as the statute required for the publication of such notices. However this aside, three such publications in February and 27 in March, including both the first and last, did not authorize a sale on this foreclosure at two o'clock of the afternoon of the 28th day of March. The court below erred in its order of confirmation of such a sale over this objection (Tr., p 23), it should have recalled the writ of assistance and ordered it quashed and its refusal to do so should be reversed."

The only argument presented in the brief of the plaintiff in error is the question of the sufficiency of publication of notice of sale. In Richmond v. Robertson, 50 Okla. 635 151 P. 203, this court, in the second paragraph of the syllabus, said:

"A publication notice for the sale of real estate first published on the 15th day of November and each and every day thereafter, including the 15th day of December, the sale being had on the 16th day of December, is a sufficient notice for the sale of real property under section 5166, Harris-Day Code."

And again in Reeder v. Mitchell, 117 Okla. 21, 244 P. 773, this court held in paragraph 3 of the syllabus as follows:

"A publication notice for the sale of real property first published in a daily paper on the 3rd day of December, and in each and every issue of such paper thereafter up to the 2nd day of January, the sale being on said date is sufficient under the provisions of section 708, C. O. S. 1921."

And it is further said in Reeder v. Mitchell, supra:

"A party attacking the sufficiency of proceeding leading up to a judicial sale has the burden of proving the insufficiency thereof."

In Burton v. Mee, 152 Okla. 220, 4 P. (2d) 23, in an elaborate and well-considered opinion by Vice Chief Justice Clark, this court followed the rule announced in Brazell v. Brockins, 95 Okla. 38, 217 P. 847, and Griggs v. Brandon, 132 Okla. 180, 269 P. 1052, as follows:

"On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings of the sale, and is not required to go behind the execution and look into the regularity of the judgment."

And in said case the court quoted approvingly from Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 P. 138, in the second paragraph of the syllabus as follows:

"The general presumption is that public officers perform their official duty and that their official acts are regular."

In Wyant v. Levy, 134 Okla. 39, 272 P. 851, this court following the general rule laid down in Brunson v. Emerson, 34 Okla. 211, 124 P. 979, held:

"This court will not examine the record in search of prejudicial errors which are

not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made, but counsel should support the same with argument and citation of authority, where possible."

And again, in Wyant v. Levy, supra, the court said:

"Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail." Carr v. Seigler, 52 Okla. 485, 153 P. 141.

Upon consideration of the brief filed by the plaintiff in error, and under the uniform decisions of this court, there appears no reason why this court should molest the order, or orders of the trial court appealed from but, on the other hand, the same should be affirmed, without further examination of the record.

There are, however, matters appearing on the face of the record which go to the jurisdiction of this court to consider the errors complained of, and which we feel should be given attention in this opinion.

The record attached to the petition in error is denominated as "bill of exceptions and transcript." It is to be noted that the first pleading shown in the record before us is petition in intervention filed November 14, 1929, and although it is referred to in the statement of the case contained in brief of plaintiff in error that the plea of intervention was stricken on motion of defendant in error and leave to intervene denied, yet the record presents no order and shows no action taken upon the plea of intervention. It is further observed that the order overruling the objection to the confirmation of sale and approving sheriff's sale was made and entered on the 2nd day of April, 1930, and although plaintiff in error attempted to appeal from said order, yet the appeal not having been filed in this court within six months subsequent to the rendition thereof, this court is without jurisdiction to consider and review the order overruling the objection to the confirmation of sale and confirming sale.

On May 17, 1930, the intervener filed motion to recall, vacate, and set aside the writ of assistance issued on the 16th day of May, 1930, and on the grounds that it was improvidently and improperly issued, and stating that the motion is based and will be argued and submitted upon all the files and records of the court in the action. On May 22, 1930, the court entered its order denying the motion of the intervener, in which order the exceptions are noted and allowed and notice of intention to appeal shown. It appears that no written bill of exceptions was presented to the court for allowance until after the expiration of the term of court. The order allowing bill of exceptions read as follows:

"On this 19th day of November, 1930, the same being one of the juridical days of the November, 1930, term of the above-entitled court, the intervener tenders to the court the foregoing bill of exceptions in the above-entitled cause, containing the record, the proceedings had, and the minutes thereof, the evidence submitted, with the motions submitted and the rulings of the court thereon, and the exceptions to the rulings and judgment, praying that the same be signed and certified by the judge and approved by him and made a part of the record herein.

"It is ordered that the above bill of exceptions is hereby approved, allowed, settled, signed, and made a part of the record herein, this 19th day of November, 1930.

"Edwin R. McNeill, District Judge."

Section 566, C. O. S. 1921, provides in part as follows:

"* * * Time may be given to reduce exceptions to writing, but not beyond the term. If the decision objected to is made in vacation or at chambers the judge may give time to reduce the exceptions to writing, not exceeding 10 days."

And section 569, C. O. S., 1921, provides that the exceptions must be reduced to writing and presented to the judge for his allowance, and if true he shall allow and sign it, "whereupon it shall be filed with the pleadings as a part of the record."

The purported bill of exceptions and the order allowing same were not filed in the trial court, therefore, did not become a part of the record to be presented on transcript. In William E. Bruce v. Casey-Swasey Co., 13 Okla. 554, 75 P. 280 paragraph 2 of the syllabus laid down the following rule:

"A bill of exceptions never becomes a part of the record until it is filed in the trial court, and, unless filed, it cannot be copied into a transcript, and presents no error to this court."

And in Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 P. 175, paragraph 9 of the syllabus reads:

"The bill of exceptions must be reduced to writing during the term of court at

which the proceedings were had, unless the ruling and decision excepted to is made in vacation or at chambers, allowed and signed by the trial judge, and filed with the pleadings as a part of the record. The bill of exceptions never becomes a part of the record until it is filed in the trial court; and unless filed in that court it cannot be incorporated into a transcript in support of the petition in error in this court."

Although the appeal was filed in this court two days before the expiration of the six months subsequent to the rendition of the order denying the motion to recall and vacate the writ of assistance yet, this court is without jurisdiction to review the evidence and consider the matters occurring at the hearing by reason of the fact that the purported bill of exceptions was not signed and filed and made a part of the record as required by law. Security State Bank v. Malone, 129 Okla. 112, 263 P. 655. Treating the purported bill of exceptions as a properly certified transcript, there appears no prejudicial error on the face of the record proper, and this court is without jurisdiction to review the assignments of error argued in the brief for the reasons above stated. The appeal is dismissed.

Note.—See under (1) 2 R. C. L. 177, 178; R. C. L. Perm. Supp. p. 360, 361. (2) 16 R. C. L. 51; 22 R. C. L. 472; R. C. L. Perm. Supp. p. 5218; R. C. L. Pocket Part, title Public Officers, § 143. (3) 10 R. C. L. 1319. (4) annotation in 30 A. L. R. 737; 2 R. C. L. 130, 140 et seq.; R. C. L. Perm. Supp. p. 345; R. C. L. Pocket Part, title Appeal, § 116.