## WEDGWOOD v. BOYD.

No. 24447.   Nov. 5, 1935.

Dyer & Smith and H. Z. Wedgwood, for plaintiff in error.

Kruse & Edwards, for defendant in error.

PER CURIAM. In the court below action was brought by G. W. Boyd against Dollie Douthitt et al., on a note and mortgage. On May 16, 1931, judgment was entered in the amount of $15,183.46, with interest, attorneys' fees, and cost in favor of G. W. Boyd. The real estate covered by the mortgage was sold for $10,000, and this amount was credited on the judgment, leaving a deficit of the difference.

On June 15, 1931, a judgment of $8,000 was recovered by H. Z. Wedgwood against Dollie Douthitt. On the 18th day of June, 1932, G. W. Boyd caused an execution to be issued upon his judgment. Certain real estate was levied upon and sold by the sheriff, and, on the 16th day of August, 1932, H. Z.

Wedgwood filed objections to the confirmation of the sheriff's sale. The court below overruled the objections and confirmed the sale. H. Z. Wedgwood prosecutes this appeal from the order of the court confirming the sale.

The parties to this litigation will be hereinafter referred to in the following manner, to wit: G. W. Boyd, as plaintiff; Dollie Douthitt, as defendant; and H. Z. Wedgwood, as judgment creditor.

The facts germane to the determination of this case are as follows: The sheriff levied upon and caused an appraisement of certain real estate to be made, which said appraisement was filed with the court clerk on the 29th day of June, 1932. On July 15, 1932, the judgment creditor filed a motion to quash said appraisement. This motion was overruled and an order requiring an amendment to the appraisement filed with the court clerk. The property was advertised, and sold by the sheriff on August 15, 1932.

The execution was received by the sheriff June 16, 1932. His return was made August 15, 1932. On the same day, it was filed with the court clerk, and the plaintiff filed his motion to confirm the sheriff's sale. On the 16th day of August, 1932, the judgment creditor filed his objection to the confirmation of said sale.

It is first contended by the judgment creditor that the court below committed error in allowing an amendment to the appraisement; which said amendment changed the value of the property and required the tracts of property appraised to be separately listed.

The property appraised was incumbered with tax liens exceeding $13,000. The amended appraisement separately listed the tracts of property to be sold and showed the amount of delinquent taxes, together with penalties and costs. Where the amount of taxes, penalty, and cost accrued against a given tract of property was in excess of the appraised value of the property, the value of the property was listed as "none."

In the case of the Guaranty Bank of Oklahoma City v. Galbreath, 99 Okla. 9, 225 P. 971, it was held that this is the proper method of showing the interest held in such property.

The right to amend the appraisement being questioned by the judgment creditor, we find that the authorities have long recognized the right of the trial court to allow such amendments. Camp v. Bates, 13 Conn. 1; 3 Bancroft's Code Practice and Remedies, 2656; 10 R. C. L. 1241; Chase v. Williams, 71 Me. 190.

In fact, when an amendable imperfection in an appraisement is called to the court's attention, it is not only within the power of the court to allow an amendment, but it is the duty of the court to allow such amendments to its processes, in order to effectuate their purpose.

It is next contended by the judgment creditor that the sheriff's sale, under plaintiff's execution, was void, because the appraisement was not filed with the court clerk in conformity with section 452, O. S. 1931.

The provisions of section 452, O. S. 1931, are directory. Its purpose in requiring the sheriff to file a copy of the appraisement immediately with the clerk is to inform the public concerning the amount of the appraisement. If, through failure to strictly comply therewith, an injustice has been done, the trial court may set aside the sale. Meisinger v. Employees Building & Loan Association, 147 Okla. 23, 293 P. 1082.

In the case of bar, the original appraisement was made the 27th of June, 1932, and filed with the court clerk June 29, 1932. No second appraisement was made; the original appraisement was merely amended. This amendment being brought about by a motion having been filed by the judgment creditor, undoubtedly, he is chargeable with knowledge of its contents, and will not be heard to complain that a directory statute has not been strictly complied with when it is not shown that he has suffered any detriment of loss thereby.

The judgment creditor contends that the publication was not had 30 days prior to the sale, as required by section 22, O. S. 1931.

The publication started July 16th, and ended August 15th, and under the authority of Reeder et al. v. Mitchell et al., 117 Okla. 21, 244 P. 773, such a notice is sufficient.

It is urged that error was committed by the sheriff in the method in which he conducted the sale, in that the lots were not sold separately.

There is no showing that the property would have brought more if sold by another method. The case of Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. (2d) 252, promulgates the following rule:

"The general presumption is that public officers perform their official duties and that their official acts are regular; and a party attacking the sufficiency of proceedings leading up to the judicial sale has the burden of proving the insufficiency thereof."

The contention that the property did not sell for two-thirds of its appraised value finds no support in the record. The contention is evidently based upon the mistaken theory that the original appraisement could not be amended; it having been hereinbefore held that the amendment was proper, this contention must also fail.

The judgment creditor also contends that the execution was void because indorsements were not made thereon, showing the amount of the judgment, interest, and cost, as required by section 443, O. S. 1931.

This contention was called to the attention of the court below at the hearing on the motion to confirm, and permission was then asked to amend the execution. This permission was granted and the amendment made. The court did not commit error in allowing the amendment, and under the rule as laid down in 3 Brancroft's Code Practice and Remedies, 2586, the execution would not have been void in the absence of such an amendment. The rule is there stated as follows:

"Thus the failure to indorse upon the back of the writ the amount of the judgment and costs does not invalidate it where these facts appear upon its face."

The last contention made by the judgment creditor is that his judgment would become a prior lien upon defendant's property if the sheriff's sale, under plaintiff's execution, is set aside. It having been heretofore decided that there is no cause for setting aside the sheriff's sale, the question thus raised becomes moot. Consequently, no useful purpose could be served by deciding it.

The judgment creditor failing to sustain his contention that the order of the court below in confirming the sheriff's sale was erroneous, the judgment of the lower court is hereby in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys Sam A. Neely, Chas. A. Holden, and Villard Martin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Neely, and approved by Mr. Holden and Mr. Martin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN. JJ., concur.