**BOLAND et al. v. HECK, Gdn.**

No. 26935.   March 16, 1937.

J. W. Dean and George Burris, for plaintiffs in error.

Hal Welch and Truman Harrison, for defendant in error.

PHELPS, J. This is a forcible entry and detainer action. The plaintiff prevailed in the justice court, where the case was first filed, and the defendants appealed to the county court, where the plaintiff again obtained judgment, and the defendants have appealed to this court.

The real estate in question is owned by four minors who are the children of plaintiff. Their mother and the plaintiff had been divorced, and the property involved herein had belonged to their mother, plaintiff's wife. The plaintiff had legal custody of two of these minor children, and their mother, prior to her death, had the legal custody of the other two children.

In December of 1933, the mother of the children was preparing to go to Texas. She stated to her own mother and father (the maternal grandparents of the children) that she wished they would move onto the place, and keep it up, for the children, and keep a home for the children. She then went to Texas, and within a month or so was killed in an automobile accident. That was in February of 1934. In the meantime the children's grandparents had moved onto the place, and were occupying it, in obedience to the expressed wish of the children's mother.

The children's grandparents continued in possession of the place. In October of 1934 the plaintiff was appointed guardian of the minor children. During that month he executed his guardian's bond, and the county judge approved the same, and issued him letters of guardianship. It appears that he left a check with the county judge or the court clerk to cover the cost deposit in the guardianship proceeding, and for some reason this check was not cashed. Later plaintiff brought money to the court clerk's office, and left it with the clerk, and took up the check which he had formerly given for cost deposit. Two days later, the clerk placed the filing stamp upon the bond and the letters of guardianship. It appears that said filing stamp had not been placed upon the instruments prior to that date, although the instruments had been in possession of the county judge and the court clerk ever since the appointment of plaintiff as guardian.

The filing stamp was placed on the instruments on March 20, 1935. On March 19, 1935, one day before the court clerk placed his filing stamp on the instruments, the plaintiff filed his three-day notice to vacate upon the defendants, grandparents of the children. This three-day notice to vacate is required by section 921, O. S. 1931. The defendants contend that on the date upon which plaintiff signed and served the notice to vacate, plaintiff's letters of guardianship and bond had not yet been filed, as above stated, and that, therefore, he had no legal authority to serve them with such notice in his capacity as guardian. In Reeder v. Mitchell, 117 Okla. 21, 244 P. 773, we held:

"A pleading is 'filed,' within the meaning of the statute, when it is delivered to the court clerk for that purpose, and the neglect or mistake of such clerk to indorse the proper date of filing thereon does not affect the pleading."

In view of the holding in the above case, the bond and letters of administration had been "filed" for a considerable while prior to the date that the notice to vacate was signed and served, although the filing stamp had not been placed thereon.

The defendants next contend that the action of forcible entry and detainer could not properly be said to lie against them, for the reason that they were holding possession of the premises under color of title. Color of title has been defined as being that which in appearance is title, but which in reality is not title. Spaulding v. Beidleman, 60 Okla. 183, 160 P. 1120. We fail to comprehend how or for what reason it could be said there was any "appearance of title" in the defendants. Defendants have cited no authority supporting their contention in this respect. They could not reasonably be said to be holding the possession under any stronger tenure than that of tenants at will. In short, the record is entirely devoid of any fact or circumstance upon which it could be said that the defendants were holding under color of title.

The judgment is affirmed.

OSBORN, C. J., and RILEY, WELCH, and HURST, JJ., concur.