## LUMPKIN et al. v. FIRST NAT. BANK & TRUST CO. et al.

No. 27479. May 24, 1938.

Rehearing Denied June 21, 1938.

Stone, Moon & Stewart, for plaintiffs in error.

Gotwals, Gibson, Killey & Gibson and Watts & Watts, for defendants in error.

PHELPS, J. This appeal is prosecuted by W. B. Lumpkin and Pearl E Lumpkin, hereinafter referred to as defendants, from an order of the district court of Wagoner county overruling a motion to set aside an order confirming a sale of real estate and to set aside and vacate a sheriff's deed to said real estate. The motion was resisted by the First National Bank & Trust Company of Muskogee and Floyd Dobbins, who will be referred to as plaintiffs.

The facts are substantially as follows: In 1927, I. B. Lumpkin and Stella Lumpkin, his wife, executed a mortgage to First National Bank, Muskogee, covering 480 acres of land in Wagoner county to secure the payment of a promissory note for $10,000. In 1930 the bank executed a release to 320 acres of the land, and thereafter I. B. Lumpkin and wife executed a first mortgage on the 320 acres to the Commissioners of the Land Office of Oklahoma. Thereafter, on September 10, 1930, I. B. Lumpkin and wife executed a second mortgage to the bank on the 320 acres subject to the first mortgage to the Commissioners of the Land Office.

On 'April 16, 1931, the First National Bank & Trust Company of Muskogee, successors to the First National Bank of Muskogee, filed its petition in the district court of Wagoner county in cause No. 8050 against I. B. Lumpkin, Stella Lumpkin, H. C. Jackson and Jim Skinner to foreclose its first mortgage on the northeast quarter of the northwest quarter and the west half of the northwest quarter and the southeast quarter of the northwest quarter of section 8, township 17 north, range 16 east, containing 160 acres, herein designated as tract 1; and to foreclose its second mortgage, subject to the first mortgage, on the northeast quarter and the northwest quarter of section 17, township 17 north, range 16 east, containing 320 acres, designated herein as tract 2. In this suit the land was ordered sold at public auction with appraisement. Tract No. 1 was appraised at $2,650 and tract No. 2 was appraised at no value and subject to the

first mortgage. The total appraisement is listed at $2,650.

Subsequently it was learned that the land had been conveyed by the original owners to W. B. Lumpkin, son of the mortgagors, who was not made a party defendant in cause No. 8050. Thereafter plaintiff instituted a new action against the defendant in cause No. 8390 in the district court of Wagoner county. On November 11, 1932, judgment in case No. 8390 was rendered in favor of plaintiff wherein it was adjudged that the plaintiff had a first mortgage lien on tract No. 1 and a second mortgage lien on tract No. 2; the second encumbrance on tract No. 2 being inferior to the first lien in favor of the Commissioners of the Land Office. On January 30, 1933, an alias order of sale was issued, upon which the sheriff made return of appraisement and proof of publication notice. The alias order of sale directed the sheriff to appraise, advertise, and sell the property either in separate tracts or as a whole. The appraisers made the appraisement of tract No. 1 in the sum of $1,600 and appraised tract No. 2 for $5,000, which sum included the amount of $7,776.54, and interest and attorneys' fee due on the first mortgage. In the appraisement appears a typewritten line with the words "net appraised value $5,000," followed by a line with the words "total appraised value $6,-600"; which was later changed to read $1,-600. The record does not show when or by whom the change was made. The return of the sheriff shows that, failing to receive bids on the separate tracts of land, he sold both pieces of land as one tract; the land described as tract 2 being sold subject to the mortgage held by the Commissioners of the Land Office, and for said two tracts as a whole he received a bid of $1,500 from the plaintiff. On March 31, 1933, the court confirmed the sale of tract 1 to the bank, but did not confirm the sale of tract 2. No appeal was taken from the order of confirmation. Thereafter the bank sold tract 1 to Floyd Dobbins, who went into possession of the land under his deed, placed valuable improvements thereon, and leased the property for mining purposes and oil was discovered thereon and produced in paying quantities. Tract No. 2 was later sold in proceedings commenced by the Commissioners of the Land Office in cause No. 8489, and is not involved in this appeal.

About two years and four months after the sheriff's sale, the defendants filed a motion to set aside the sale, order of sale, order of confirmation, and sheriff's deed. Later the defendants filed an amended motion, which, after hearing by the court, was overruled, from which ruling the defendants prosecute this appeal.

It is urged that the court erred in permitting the amendment to the appraisement on file in the district court, alleging that the purpose of the amendment was to give validity to a void sale, citing Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 P. 486. It is noted that in the instant case the court found that the amendment to the appraisement was made for the purpose of correcting a typographical error, so that such appraisement would speak the truth and correctly reflect the appraisement as actually made. This finding of fact was amply supported by the evidence. The sheriff's sale shows that the sum bid was more than two-thirds of the appraised value of all of said premises, and that the sum paid was the highest and best sum offered for the land. The order confirming the sale recites that the sheriff's return, and the indorsements thereon, conform to the order of sale, and that the proceedings were conducted in conformity to law. As suggested herein, no appeal was taken from the order confirming the sale.

In the case of Wedgewood v. Boyd, 174 Okla. 531, 51 P.2d 299, it was said:

"The right to amend the appraisement being questioned by the judgment creditor, we find that the authorities have long recognized the right of the trial court to allow such amendments. Camp v. Bates, 13 Conn. 1; 3 Bancroft's Code Practice and Remedies 2656; 10 R. C. L. 1241; Chase v. Williams, 71 Me. 190.

"In fact, when an amended imperfection in an appraisement is called to the court's attention, it is not only within the power of the court to allow an amendment, but it is the duty of the court to allow such amendments to its processes, in order to effectuate their purpose."

Giving due consideration to all the facts in this case and placing a reasonable interpretation upon the acts and conduct of all the parties impels the conclusion that the appraisement, at all times prior to the filing of the motion involved, was construed by all parties as a total appraisement of $1,600. It therefore appears that the correction of a typographical error in the appraisement to speak the truth was in the furtherance of justice and was an amendable defect appearing upon the face of the proceedings. The trial court did not exceed its power in making such correction.

Defendants' second proposition is as follows:

"The court can only confirm or reject a sale as made by the sheriff. It has no power to modify the terms of the sale."

As heretofore stated, the sheriff accepted a bid from plaintiff, First National Bank & Trust Company, on both tracts of land, but the court, in its order of confirmation, confirmed the sale only as to tract No. 1. Since defendants failed to show any damage or detriment arising from the failure of the court to confirm the sale of an equity in a parcel of land not involved herein, the trial court did not err in refusing to vacate the sale by reason of such irregularity in the order of confirmation.

Other propositions presented have been examined and are without substantial merit.

The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.