WILLIAMS BROTHERS CORP. v. DAY, Court Clerk.

No. 31146. Nov. 10, 1942.

*130 P. 2d 829.*

Wilbur J. Holleman and Hudson & Hudson, all of Tulsa, for plaintiff in error.

Stephenson & Stephenson, of Okemah, and John Morrison, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from a judgment denying an application for a writ of mandamus.

The controversy arose out of the following facts: On October 29, 1939, five small boys, ages 7 to 12, were killed by a dynamite explosion at Rock Springs, Wyoming. On July 25, 1941, their parents filed in the county court of Okfuskee county petitions for the appointment of Orin C. Troupe, of Carlin, Nevada, as administrator of each of their estates. On the same day Troupe was appointed administrator and duly qualified in each of the five probate causes. Immediately thereafter Troupe, as such administrator, filed in the district court of Okfuskee county five suits against Williams Brothers, Inc., a corporation, and Williams Brothers Corp., a corporation, to recover damages for the wrongful death of said children, alleging that their deaths resulted from the actionable negligence or wrongful conduct of said defendants. On July 29, 1941, William Brothers Corp. filed in each of said

five probate causes a motion to vacate the letters of administration. On August 6, 1941, said motions were denied. On August 14, 1941, Williams Brothers Corp. duly filed in each of said causes a notice of appeal and an appeal bond duly approved by the county judge. Williams Brothers Corp. immediately requested the county court reporter to prepare transcripts in order to perfect the appeals, and promptly paid the reporter for preparing the same on presentation of the bill therefor. The county judge duly certified to the correction of each transcript on September 10, 1941, and handed them to the reporter for filing in the office of the court clerk. The transcripts were not formaly filed and docketed by the court clerk. From the record it appears that neither the attorneys for Williams Brothers Corp. nor the attorneys for the administrator took any steps to have the appeals formally docketed or set for trial until in July, 1942, when the wrongful death actions were set for trial. Thereupon, the attorneys for Williams Brothers Corp. contacted the county judge and the reporter and the question arose as to what had become of the transcripts. The county judge and the deputy court clerk found them covered with dust, in what is known as the "poor boy box," a place in the court clerk's office where papers were kept that had been presented for filing but could not be filed because of insufficient cost deposits. The attorneys for William Brothers Corp. asked the court clerk to docket the transcripts as of September 10, 1941, and on his refusal to do so, this mandamus proceeding was filed to require him to so file and docket them. Williams Brothers Corp. desire the appeals filed and docketed as of September 10, 1941, instead of as of July, 1942, in order to avoid the charge of negligence on their part in perfecting the appeals. One of their defenses to the damage suits is that the county court of Okfuskee county was without jurisdiction to appoint the administrator of the estate of said children, and that consequently the plaintiff could not maintain those actions.

From a judgment denying a writ of mandamus, Williams Brothers Corp. appeals.

The county court reporter was positive in her testimony that on September 10, 1941, she presented the five transcripts to the court clerk for filing and docketing, and that he refused to file and docket them until cost deposits were made. The court clerk was just as positive in his testimony that this did not occur. The fact remains that the transcripts were found some ten months thereafter, covered with dust in the back of the poor boy box, thus strongly corroborating the testimony of the reporter. We have carefully weighed the evidence and are of the opinion, and hold, that the judgment of the trial court is clearly against the weight of the evidence, and that the transcripts were legally filed with the court clerk, and the appeals were perfected, on September 10, 1941. Boland v. Heck, 179 Okla. 403, 65 P. 2d 1213; Bauer v. Samples, 181 Okla. 161, 72 P. 2d 813.

Our decision on the weight of the evidence makes it unnecessary for us to decide whether the appeals were legally perfected when the county judge handed the transcripts to his reporter, who is ex officio a deputy court clerk. See 20 O. S. 1941 § 312. Nor are the questions as to whether the county court of Okfuskee county had jurisdiction to appoint the administrator, whether William Brothers Corp. could appeal from the orders refusing to vacate the letters of administration, and whether in the wrongful death cases the defendants could raise the questions of the right of the administrator to maintain the actions, presented, and we intimate no opinion on such questions.

Reversed, with directions to issue the writ of mandamus requiring the court clerk to file and docket the transcripts as of September 10, 1941.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.